Mr Justice Thompson
 

 delivered the opinion of the Court.
 

 This was an action of ejectment brought in the circuit court of the district of Columbia, in the county of Washington, to recover possession of lot No. 14 in square No. 290,' in< the city of Washington. Upon the trial, the lessors of the plaintiff produced, and proved by sundry mesne conveyances, a title to the premises in question, from David Burnes, one of the original proprietors of city property, to Robert Tolmie, who in the year 1805 died intestate. And it was also proved that the lessors of the plaintiff, are the heirs at law of Robert Tolmie.
 

 The defendant claimed title to the premises in question, under a purchase made at a commissioners’ sale, by virtue of certain proceeding's, had in the circuit court, pursuant to the provisions of the laws of Maryland relative to a division of the real estate of intestates in certain cases. Objections were made to the validity of these proceedings, and a verdict taken for the plaintiff, subject to the opinion of the court upon a case agreéd. The court below decided that the commissioners’ sale was void, and rendered judgment for the plaintiff for two thirds of the premises in question, and the case comes now before this court upon a writ of error.
 

 The case, in the circuit court, turned entirely upon questions arising upon the proceedings under which the sale was made. It was assumed on the argument by the counsel on both sides, that the circuit court in which these proceedings were had, was vested with the same powers in this respect, in relation to intestates’ estates in the county of Washington, that is possessed by a county court in Maryland on this'-subject, over lands lying within the county.
 

 
 *163
 
 The exceptions taken to the proceedings were,
 

 1. Because none of the heirs of Robert Tolmie were of age at the time of the sale. -
 

 2. Because the sale was never ratified by the court.
 

 3. Because bonds for the purchase money were not taken, payable to each representative, according to his proportional part of the net amount of the sale.
 

 4. Because the deed does not recite the commission and all the necessary proceedings thereon, to shew a good title.
 

 The counsel for the defendant in error have, in the argument, considered these proceedings open to the same examination and objections, as they would be in an appellate court, on a direct proceeding to bring them under review. This, however, is not the light in which we view the questions now before us. These proceedings were brought before the court below collaterally, and are by no means subject to all the exceptions which might be taken on a direct appeal. They may well be considered judicial proceedings; they were commenced in a court of justice, carried on under the supervisingxpower of the court, and to receive its final ratification. The general and well settled rule of law in such cases is, that when the proceedings are collaterally drawn in question, and it appears upon the face of them, that the subject matter was within the jurisdiction of the court, they are voidable only. The errors and irregularities, if any exist, are to be corrected by some direct proceeding,, either before the same court, to set them aside, or in an appellate court. If there is. a total want of jurisdiction, the proceedings are void and a mere nullity, and confer no right, and afford no justification, and may be rejected when collaterally drawn in question.
 

 The first inquiry therefore is, whether it sufficiently appears, upon the face of these proceedings, that the court had jurisdiction of the subject matter. The law of Maryland under which they took place, (act of 1786, ch. 45, head 8) declares that in case the parties entitled to the intestate’s estate cannot agree upon the division; or in case any person'entitled to any part be a minor ; application may be made to the. court of the county where the estate lies, and
 
 *164
 
 the court shall appoint and issue a commission to five discreet men, who are required to adjudge and determine whether the estate will admit of being divided without injury and loss to all the parties entitled; and to ascertain the value of the estate.. And if the estate can be divided without loss or injury to the parties, the commissioners are required to make partition of the same.. And if 'they shall determine that the estate cannot be divided without loss, they shall make return to the county court; of their judgment, and the reasons upon which the same is formed; and also the real value of the estate. .And if the judgment of the commissioners shall be confirmed by the county court, then the eldest son, child, or persons entitled, if of age, shall have the election to take the whole of the estate, and pay to the others their just proportion of the value in money; and on the refusal of the eldest child, the same election is given in succession to the other children, or persons entitled, who are of age; and if all refuse, the estate is to be sold under the direction of the commissioners, and the purchase money divided among, the several persons entitled, according to their.respective. titles to the estate. But if all the parties entitled shall be minors' at the death of the intestate, the estate shall not be sold until the eldest arrives to age, and the profits of the estate shall be equally divided in the mean time.
 

 The principal objection raised to the title of the defendant below, and indeed the only one that presents any difficulty is, that .upon the trial of this cause it was proved, -that none of the heirs of Robert Tolmie had arrived ai age when the sale was made; and how far this will affect the sale will depend upon the question, whether the proceedings on the partition, when brought up in this collateral way,"Were ppen to an.inquiry into that fact. Did the jurisdiction of the court over the subject matter of the proceedings depend upon that fact; or if true, was it matter, of error, and to he. corrected only on appeal
 
 ‘l
 

 .
 
 It is to be borne in mind, that no such fact appears on the face of these proceedings; but on the. contrary, from what is stated, it may reasonably be inferred that it appeared be
 
 *165
 
 fore the court, that one of the heirs vvas-of age. The petition presented to the court for the appointment of commissioners, and which was the commencement of the proceedings, in setting out the parties interested, states, that Robert Tolmie died intestate, leaving the following children and heirs at law; viz. Margaret, since intermarried with Francis Beveridge, and Alice Tolmie, and James Tolmie, which said Alice and James are infants, under the age of twenty-. one years. Why specially allege that these two were minors if Margaret was also a minor1? Every reasonable intendment is to be made in favour of the proceedings; and their allegation in the petition will fairly admit of the conclusion, that the petitioners intended to assert, that Alice and James only were under age. The age of the heirs, was, at all e,vents, a matter of fact upon which the court was to judge; and the law no where requires the court‘to enter on record the evidence upon which they decided that fact. And how can we now say, but that the court had satisfactory evidence before it that one of the heirs was. of age. If it was so stated in terms, on the face of the proceedings, and even if the jurisdiction of the court depended upon that fact; it is by no means clear that it would be permitted to., contradict it, on a direct proceeding to reverse any order or decree made by the court. But to permit that fact to be drawn in question, in this collateral way, is certainly not warranted by any principle of law.
 

 But, ihdependent of these considerations, the jurisdiction of the court over the subject matter of the proceedings sufficiently appears. It did not depend on the fact that one of the heirs was of age. ■ But according to the express terms of the act, it attaches when the ancestor dies intestate, and any' of the persons entitled to Jris estate is a minor. The petition states that Robert Tolmie, late of the county of Washington, died intestate, seised in fee of lot No. 14 in square No. 290, leaving Alice Tolmie and James Tolmie, two of his children, and heirs at law, under the age. of one and twenty years. And whether Margaret Beveridge, his other child and heir, was of age or not, was immaterial, as it respected the jurisdiction of the court. That fact, could only become
 
 *166
 
 material, in case the land was not susceptible of a division, without injury or loss to the parties. If it could be divided without injury, the commissioners were required to divide it, although all the heirs were minors. The materiality of the inquiry, whether any one of the heirs was of age, was altogether contingent, and might never arise. And at all events, must depend upon the report of the commissioners, whether or not the property might be divided without injury. This must, necessarily, therefore be an inquiry arising in the course of the proceedings, and after the jurisdiction of the court attached.
 

 With respect to the other exceptions, it would be difficult to sustain them, if the proceedings were before this court on a direct appeal. No more could be required, than to set forth enough to show the jurisdiction of the cóurt, and a substantial compliance with the requirements of the law. In June term 18X4, the court confirmed the report of the commissioners, that the property would not admit of, a division, and ordered a sale thereof; prescribing the terms, viz. one fourth cash, and the other three fourths on a credit of three, six, and nine months, taking bonds, with good security to the heirs according to their several rights, bearing interest from the day of sale. , On the 15th of June 1815, after the expiration of the time of credit, ordered by the court'to be given, the commissioners report a sale of the lot to the defendant below for $1105, and that the purchase money and interest had all been paid, and they request that the sale may be ratified, and they directed to distribute the money, and make a conveyance to the purchaser. It is objected that it does.,not appear that bonds were given to the heirs, according to the order of the court and the directions of the act of 1799. . But this objection cannot certainly be considered of any importánce, after the money had been paid by the purchaser, and the report ratified and confirmed by the court, and the commissioners directed to make a deed to the purchaser. But it is said this was a conditional ratification, and not to take effect until receipts from the parties entitled to the money were produced to'one of the judges of the " court. Suppose this is to be considered a conditional rati
 
 *167
 
 fication, and the purchaser not entitled to a deed until the condition was performed. Where is the evidence that affords any inference that it was not performed. The receipts were to be produced to one of the judges of the court, and was not a matter which the court were afterwards to sanction or pass any,, order upon. It was not a judicial act, and would. not of course be made matter of record. And the deed being afterwards given, affords a pretty fair inference, that the order of the court had been complied with.
 

 The last objection is, that the deed does not recite the commission, and all the, necessary proceedings thereon, to show a good title.
 

 * The act of 1799, in directing the commissioners when to give deeds to purchasers, has the general provision, that the commission and proceedings thereon shall be recited in the preamble of the deed. It certainly could not have been intended that the commission and all the proceedings should be set out in hsec verba; and the substance of them is recited, which is áll that pould be necessary. So that this exception is not well taken as to the matter of fact.
 

 , From this brief notice of the several objections which have been taken to these proceedings, it will be seen that in the opinion of this court, the three last are unfounded, and could not be sustained even ón a direct appeal; and the first, although entitled to more consideration, cannot, at all events, be raised, wheu the proceedings are collaterally drawn in question, as they were on the trial of this cause. '
 

 The Máryland cases cited in the argument, and reported by
 
 Harris
 
 & Johnson, Vol. V. 42. 130, and Vol. VI. 156. 258, do not throw much light upon the particular questions .drawn under examination in this case. Some of them, however, are very strong cases to show how far the courts .of that state will go, to sustain bona fide titles acquired under sales made by virtue of thése statutes. The rules which apply to, and govern titles acquired under sales made by order of orphans’ courts, and courts of probate, in the states where such regulations are adopted, are applicable to the case now before the court. The case of M’Pherson
 
 vs.
 
 Cunliff, 11 Serg. &
 
 Rawle,
 
 429, was one of this description, and brought
 
 *168
 
 urtder the consideration of the supreme court of Pennsylvania, the effect of a decree of the orphans’ eourt, in matters within its jurisdiction, although founded in a mistake of facts. And in the dismission of that question which is gone into very much at large, rules are laid down which have a strong bearing, upon the present case. When there is a fair , sale, say the courts and the decree executed by a conveyance from the administrator, tlje purchaser will not be bound to look beyond the decree, if the facts necessary to give the court jurisdiction appear on the face of the proceedings. After a lapse of years, presumptions must be made in fayour of what does not appear. If the purchaser was responsible for the mistakes of the court, in point of fact, after they had adjudicated upon the facts, and acted upon them, these sales would be snares for honest men. The purchaser is not bound to look further back than the order of the court. He is not to see, whether the court was mistaken in the facts of debts and children. That the decree of an orphans’ court, in a case within its jurisdiction, is reversible only on appeal, and not collaterally in another suit.
 

 In Perkins
 
 vs.
 
 Fairfield, 11
 
 Mass. Rep.
 
 227, in the. supreme judicial court of Massachusetts, it was held; that a title under a sale by administration, by virtue of a' license from the court of common pleas, was good against the heirs of the intestate, although the license, was granted upon a certificate of the judge of probates, not authorised by the circumstances of the case. The court said the license was granted by a court having jurisdiction of the subject. If that jurisdiction was improvidently exercised, or in a manner not warranted by the evidence from the probate court, yet it is not to be corrected at the expense of the purchaser; who had a right to rely upon the order of the court, as an authority emanating from a competent jurisdiction. The case of Elliot
 
 vs.
 
 Piersoll, 1
 
 Peters,
 
 340, decided in this Court at the last term, has been referred to by the counsel for the defendant in error, as containing a doctrine that will let in every possible objection that can be made to these proceedings.
 

 The observation relied upon is, “ but we cannot yield an,
 
 *169
 
 assent to the proposition, that the jurisdiction of the county court could not be questioned, when. its proceedings were brought, collaterally before the circuit court.’■ This remark was only in answer to the argument which had been urged at the bar, that the. circuit
 
 court
 
 could not' question, the jurisdiction of the. cóunty court. That it Was .so intended is obvious from what immediately follows. “ We. know nothing in; the organization of the circuit courts of-the union, which can1 contradistinguish them from other courts, in. this .respect.”- And the limitation upon the extent of the inquiry, when the proceedings are brought .collaterally before. the court, is explicitly laid down. “We agree, that if the county court had jurisdiction, its decisions would be con-. elusive. When, a court has jurisdiction, it-has a right to decide every question that occurs in the cause; and whether its decisions ..be correct or not, its judgment; until reversed, is regarded as binding in evéry other, court. But if it acts without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovefy sought in opposition to them even prior to a reversal.”
 

 . This is the clear and well settled doctrine of the law, and applies to the case now before the Court. The.jurisdiction of the court, (under whose order the sale was made) over the subject matter, appears upon the face of the proceedings; and its.errors-ox mistakes, if any were committed, cannot be corrected or examined when brought up collaterally, as they were in the circuit court.
 

 The judgment of the court below must, accordingly, be revérsed; .and the record sent back, with directions to the court to enter judgment for the defendant'.