Cammann
v.
Ex'r of
Traphagan.

AUGUSTUS F. CAMMANN v. DAVID P. TRAPHAGAN, Executor
of HENRY D. TRAPHAGAN.

[Same case *ante*, 28.]

Upon a bill filed, and injunction allowed, to restrain proceedings at law, and
a plea of a judgment recovered; upon which issue was joined and proofs
taken in support of the plea:—The facts of the plea appearing to be proved,
the injunction was dissolved, and the bill dismissed with costs.

Although in the record of a judgment adduced in support of a plea, it appears
that there was a verdict and judgment rendered upon the trial of an issue
in fact, without an issue at law, upon demurrer joined in the case being dis-
posed of, and that there was a blank left in the judgment for the amount of
the taxed costs:—These errors and irregularities are to be corrected in some
direct proceeding, and are not subject to exception when the proceedings
are collaterally drawn in question.

Upon dissolving the injunction and dismissing the bill; the costs ordered to be
paid out of the monies deposited in court, and the remainder of the deposit
ordered to be paid to the defendant on his judgment at law.

THIS cause came on to be heard upon the bill, the plea of a
judgment recovered at law, replication and proofs taken in sup-
port of the plea, before E. Van Arsdale, the master called to ad-
vise the Chancellor, &c., and was submitted on written briefs, by

*C. L. Hardenbergh,* for the complainant;

*G. Wood,* for the defendant.

The master reported the following opinion, which at this term
was delivered by the Chancellor :—

This cause having been again submitted by the chancellor to
the undersigned, one of the masters of the court, to advise what
decree ought to be made ; and having read the pleadings, orders,
proofs, exhibits and depositions made and taken in this cause,
and considered the same; the master begs leave to state, that
the facts of the defendant's plea are proved.   He however con-
siders it proper to mention, that upon examining the record of
the judgment pleaded, it appears, that the declaration contains
three counts ; the two first are founded upon two promissory

notes, to which the defendant demurred, and the third count is for money lent, goods sold, &c., to which the defendant pleads non assumpsit, and adds a similiter. The plaintiff joins in demurrer: then follows the award of the venire, the finding of the jury for the plaintiff, and the assessment of damages; the issue in law not appearing to be otherwise disposed of. There are also blanks in the judgment of the court, which appear to have been left for the purpose of being filled up with the taxed costs. These errors and irregularities, the master considers, are to be corrected by some direct proceeding, and are not subject to exception when the proceedings are callaterally drawn in question: 2 *Peters*, 163.

The master would therefore advise your excellency to decree that the injunction heretofore issued in this cause be dissolved; that the complainant's bill be dismissed out of this court, with costs to be taxed, to be paid out of the monies deposited in court in this cause by the complainant; and the residue of the monies so deposited be paid to the defendant in this suit, for and towards the damages, interest and costs recovered by him at law upon the judgment in his said plea set forth; and that the said defendant be at liberty to proceed at law as he shall be advised, for the recovery of any balance that may remain due to him, after crediting the payment ordered to be made as aforesaid.

All which is respectfully submitted.

ELIAS VAN ARSDALE,
Master in Chancery.

20th January, 1831.