Judge Lane
delivered the opinion of the court :
If the testimony does not prove that an order for the sale of the-property was made by the court, it ought to have been rejected, and the plaintiff is entitled to a new trial; for the -power of the-administrator to sell arises from the action of the court, and without it the sale is void. By section 102 of the judiciary act then in force, 8 Stat. 294, proceedings, orders, judgments, and decrees-are of no force or validity until entered on the journals and signed by the presiding judge; consequently the order of sale can only exist as a matter of record, and is only provable by its production. Heirs of Ludlow v. Johnston, 3 Ohio, 577; Goforth’s Lessee v. Longworth, 4 Ohio, 129.
The parol testimony must be rejected, for the fact can not be-proven by parol. An inspection of the journals afford no ground to raise the presumption that they ever contained such an order.. No probable evidence is presented that any part of the journals of that term is lost. The paper described as No. 2 shows no reason for believing such an order was entered on the journals. It is the certificate by the clerk of an act of the court, which can only be shown by the production of the record, or by making proof of its loss.
No act of the court, or of any member of the court, ajjpears in. any of this testimony, except the indorsement of the appraisers’’ names and the word “ allowed ” written on the original petition-by one of the associate judges. By the statute then in force, 8 Stat. 159, 332, on an application *by an administrator to sell lands, the court, on being satisfied of the necessity fora sale, were-directed to appoint appraisers, but no order for sale was to be made until the return of the valuation. 4 Ohio, 130. If the word “ allowed ” should be held to imply that the court granted the' prayer of the petition, the interpretation which we should attach to it, standing in its connection on this paper is, that the court, were convinced of the necessity of the sale, and assented to the-appointment of appraisers; not that they designed to make a pre *412 mature order of sale, for an ambiguous phrase should be construed into that which the court could rightfully perform, rather than into an irregular exercise of power.
We therefore are led to the conclusion, that the testimony offered contains no legal evidence that an order of sale was made, .and it should therefore have been rejected.
Perhaps another reason exists for the exclusion of the testimony. I do not refer to the fact that Smith, one. of the guardians, and ■ one of the petitioners, was the purchaser, since perhaps this objection might not prevail, except in a court in equity. But the court of common pleas had power by section 32 of the statute to .authorize administrators to sell to pay debts. By section 34 the ■ court might authorize guardians to sell the lands of their wards “ for good cause shown.” This application to sell was by both administrators and guardians, not .to pay debts of the estate, but for the support of the widow and children, and for the benefit of their property. With these objects the administrators had no concern, the guardians alone could act; yet, if a due order of sale ■/was made in this case, it was executed, not by the guardians, but ■by the administrators, who were not capable of receiving any such .authority. 1 Pet. 340; 2 Pet. 157.
New trial granted. Costs to abide the event of the suit.