Judge Lane
delivered the opinion of the court:
The leading question in this case is, do the recorded proceedings, of the court of common pleas of Hamilton county show the facts necessary to invest that court with jurisdiction to order the sale of the premises under which the defendant claims?' 269] *The plaintiffs show a complete title, unless it has been legally transferred from them in the manner alleged by the defendant.
The act of February 10, 1810, section 37, provides for partition in. cases where an intestate leaves lands and heirs part over age and part under, and authorizes the heir.of full age to petition for partition. After specifying the facts necessary to be set forth in the petition, the act proceeds: “Such court, if they are well satisfied in the proof aforesaid, and are of opinion that the petitioñ is reasonable,shall appoint,” etc. It then provides (sec. 38) that if the person appointed, report that the lands can not be divided with advantage, “ the court shall order and direct the administrator, etc., to sell such estate to the highest bidder,” etc.
In this case we have the petition for partition. It distinctly alleges that E. Glover died intestate, seized of the premises in question, and that he “ left seven brothers and sisters, some of whom *275 are under age,” etc. The transcript of the record contains the adjudication of the court, “ which said petition being read, and no objection being made, and the court being of opinion said petition is reasonable, court appoint J. 0., etc., commissioners-to make partition.” A transcript of the order to the commissioners is given, and their return that, “ having viewed the within-mentioned lots, they are of opinion they can not be divided into seven shares.” The transcript proceeds: “ Whereupon court order administrator to sell, and an order of sale issued,” etc.
It is objected to these proceedings that it does not appear, by the petition or otherwise, that the petitioner for partition was of full age; and this, it is agreed, is indispensable to sustain the jurisdiction of the court. We do not think so. The fact that part of the heirs were of full age and that part were minors is indispensable to authorize the proceedings and sale. The petition is to be preferred by an heir of full age. This petition recites that a part of the heirs were minors. The court proceeded upon proofs, and we hold ourselves bound to presume that the proofs produced satisfied the court that the petitioner was of full age. The petition assumes this fact, and as to the authority of the court to take any order upon it, under the statute, depended upon its existence, a presumption can not be raised that the court proceeded without the requisite proof.
*In the ease of Thompson v. Tomlie, 2 Peters, 164, 165, [270 this point was adjudged in the Supreme Court of the United States. The question there arose under a law of Maryland, in this particular very analogous to the law of Ohio. It was a sale upon petition for partition, which could only be made where part of the heirs were minors and part were of full age. An exception was taken that this fact did not appear on the proceedings, and proof was adduced to show that at the time of the sale the heirs were all minors. This proof was held inadmissible, and with respect to the allegations of the petition, the court say: “ From what is stated it may reasonably be inferred that it appeared before the court that one of the heirs was of full age. The petition presented to the court for the appointment of commissioners, and which was the commencement of the proceedings, in setting out the parties interested, states that Robert Tomlie died intestate, leaving the following children and heirs at law, viz: Margaret, since intermarried with Francis Beveridge, and Alice Tomlie and James *276 Tomlie, which said Alice and James are infants under the age of twenty-one years. Why specially allege that these two were minors, if Margaret was also a minor? Every reasonable intendment is to be made in favor of the proceedings, and their allegation in the partition will fairly admit of the conclusion that the petitioners intended to assert that Alice and James only were under age. The age of the heirs was, at all events, a matter of fact upon which the court was to judge, and the law nowhere requires the court to enter on the record the evidence upon which they decided that fact. And how can we now say but that the court had satisfactory evidence before them that one of the heirs was of full age ?"
It appears to us that this reasoning applies strongly to the case before us. We therefore adopt it; and our conclusion consequently is, that a case of jurisdiction, in the court of common pleas, to order the sale of the real estate in question, is sufficiently shown. That point being established, it is well settled that errors ■or irregularities in the proceedings do not vitiate the final decision, and that if such exist, they can not be noticed collaterally.
It is objected that no notice is shown to have been given to the coparceners. The law does not require such notice to be given. It seems to have been the policy of the law to regard a decedent’s 271] estate as subj ect to the court of ^probate, as well as for distribution among heirs, for the payment of debts. Judicial proceedings, in such cases, were in rem,*and intended to bind all parties in interest. 13 Mass. 166; 17 Id. 32; 11 Serg. & R. 428.
It is alleged, as an objection to the validity of the sale, that no appraisement, such as the law required, was made. The act of February 10, 1810, under which the sale was made, does not require an. appraisement. But if such were the requisitions, the appraisement would be a matter in pais, the proof of which we would certainly presume. Indeed, upon the authority of the case ■of Thompson v. Tomlie, before cited, we should eyen refuse to receive evidence to establish the contrary.
The administrator’s deed recites a sale made under an order of court of April, 1813; and the plaintiffs insist that this recital precludes the defendant from resorting to the order of 1812, to support his deed. We do not think so. The order clothed the administrator with power to sell. The deed is evidence of the sale under the power; but it was not necessary that it should be recited in it. A misrecital, when it is not an essential part of the *277 conveyance, may be corrected. And, in this case, a majority of the court are satisfied that the proofs show that the sale was, in fact, made under the order of April, 1812.
A suggestion of newly discovered evidence is made, and a new trial asked upon that ground. In actions of ejectment, where the verdict is for the defendant, it is rarely set aside for newly discovered testimony. 5 Ohio, 248. No rights are affected, and the plaintiff can bring a new suit and prosecute it with as little prejudice, as it could be retried if a new trial were granted.
Judgment on the verdict.