Seely *v.* Reid.

*Hall & Phelps*, for appellants.

*Geo. C. Dixon*, for appellee.

————— o 9 o —————

SEELY *v.* REID.

Where the record is silent in relation to the service of process, jurisdiction will be presumed, on the ground that courts of general jurisdiction are favored with that legal presumption, which forbids all inquiry into jurisdiction, in collateral proceedings.   But if the record shows no service there is no jurisdiction over the person, and a decree against him is void. Where the record shows that there was no jurisdiction, either over the parties or the subject matter, the judgment and sales under it are void, and may be so declared in a collateral proceeding ; but where the record is silent upon facts necessary to confer jurisdiction, the law presumes the decision correct, and the judgement will be binding till reversed.

Seely v. Reid.

Error *to Lee District Court.*

*Opinion by* Kinney, J. This was an action of right, brought by Seely, in the Lee district court, 1849, for the recovery of the north-east quarter of section thirty-one, and the north half of section thirty-two, all in township sixty-nine north, and range six west. The case was tried at the April term, 1850, and a verdict and judgment for the defendent. By the bill of exceptions, taken by plaintiff, it appears that Jacob Beeler, in 1840, was the owner in fee of the land above described. At the April term of the Lee district court, 1843, W. Rufus Stewart, assignee of Calvin I. Price, recovered a judgment against said Beeler for the sum of three hundred and fifteen dollars and fifty cents debt, and eighty-one dollars and ninety-three cents, damages and costs of suit. An execution was issued on this judgment July 13, 1844, and levied upon the north-east quarter of section thirty-one, and the west half of the north-west quarter of section thirty-two, township sixty-eight north, range six west. The same was duly advertised, and on the 13th day of September, 1844, sold to Seely for $505 18, and the execution returned, satisfied, in full.

We will here observe that this action is brought to recover land in township sixty-nine, that Beeler's land, as will appear, was in sixty-nine, but that the sheriff described the land, in his return of levy and sale, as in township sixty-eight. This sale was September 13, 1844. September 20, 1844, Reid purchased of Beeler the north-east quarter of section thirty-one, and north half of section thirty-two, in township sixty-nine north, range six west, for $1400 00, and a deed therefor on same day. He also executed to said Beeler the following instrument :

"I, James Reid, of the county of Union, and State of

Indiana, having this day, purchased from Jacob Beeler the north-east quarter of thirty-one. (31) and the north half of section thirty-two, all in township sixty-nine, north and range six west, in the county of Lee, and Territory of Iowa; and, whereas, there was a judgment obtained against the said Beeler, in favor of W. Rufus Stewart, before this pur-chase, now therefore, I agree to take said land, subject to any lien or incumbrance which there may be on said land, in consequence of said judgment, and save said Beeler harmless, against or in consequence of any liability against him, by reason of said judgment.        JAMES REID."

There does not appear to have been any deed made to Seely, by virtue of the sheriff's sale, in 1844.   On the 25th September, 1846, Seely filed a bill in chancery against Stewart, Stotts—the sheriff, James Reid, and Jacob Beeler, alleging that the sheriff levied the writ, issued on said judgment, on the above described land, in township sixty-nine; that the same was owned in fee simple by Jacob Beeler ; that the sheriff sold the same to said Seely; that it was understood by the sheriff and orator to be the land of Beeler, in township sixty-nine, but states that the sheriff, in entering his said levy upon said execution, and making his return of his proceedings, and the sale aforesaid, by accident mis-described said tracts of land, by describing the same as situated in township sixty-eight north, in the place of township sixty-nine; that said Beeler had no right, title, or interest in any land in township sixty-eight; that orator was informed by the sheriff that he was purchasing a part of the tract of land where said Beeler then resided, in township sixty-nine. Bill states satisfaction of execu-tion by said sale; sale of land to Reid, thereafter being subject, as was supposed, to redemption; that said Reid had a full knowledge of the existence of said judgment and sale; but orator does not know whether or not said Reid knew of the mistake in said sale; that the amount of the

Seely *v.* Reid.

bid was deducted from the price of said sale to Reid by Beeler, and that the contemplated redemption of said land by said Reid, from orator's said purchase, was a part of the purchase price.

Bill prays a conveyance from Reid for the premises intended to be sold; that said mistake be corrected, and said sale be deemed to be made according to the true intent, meaning, and understanding of orator, said sheriff, and Beeler ; or, in case orator is not entitled to have conveyance, then that said court would decree that said sale would be set aside, and the judgment stand in full force and effect, in the same manner as if sale had not been made; and, that the same stand and be decreed to be collected, for the use and benefit of said Seely, and that said land be chargeable with the payment of the same. The record shows thatBeeler was not served with process, and did not appear personally, or by counsel. Reid appeared and demurred, and Stotts and Stewart made default. The court renderedthe following decree :

Elie Seeley
*v.*
James Reid, W. Rufus Stewart, } June 10, 1847.
William Stotts and Jacob Beeler.

This day this cause came on to be heard on the demurrer of defendant, Reid, which is overruled, and the said defendants having failed to plead, answer, or demur to said bill, and said Reid abiding by his said demurrer, it is thereupon, hearing of said cause, ordered and adjudged, and decreed by the court that the said sale, mentioned in said bill, be set aside, and that the satisfaction of said judgment and execution, by virtue of said sale, be set aside and vacated, and that said judgment in favor of said Stewart against said Beeler, stand and be taken, and stand as though no such execution had issued, or sale taken place. It is, therefore, ordered that the proceeds,

Y

hereafter to be collected on said judgment, be paid to com-plainant.

After this decree, to-wit: on 2d day of November, 1847, execution was issued and levied upon the following land: north-east quarter of section thirty-one, township sixty-nine, north range six west; also, north half of section thirty-two, township sixty-nine, north range six west, in all 480 acres. The same was struck off and sold to Elie Seely, for the sum of six hundred and thirty-six dollars and four-teen cents, for which a sheriff's deed was executed to said Seely, April 12, 1849.

The plaintiff, Seely, to support this action of right in the court below, first introduced evidence of title in Beeler, which showed that at the time judgment was render in favor of Stewart, he owned the land in controversy. He then introduced the sheriff's deed, as given above, and rested.

The defendant then introduced the first execution, which showed that the judgment was satisfied by sale of land in township sixty-eight. He then introduced the deed from Beeler to him, conveying land in township sixty-nine, sub-sequent a few days in date to the date of sale, and satisfac-tion of said judgment.

As rebutting evidence, the plaintiff then offered the bill, proceedings, and decree in chancery, correcting the mistake of the sheriff, but this evidence was objected to by defend-ant, and objection sustained by the court, and judgment rendered in favor of the defendant. This decision of the court is assigned for error.

It is conceded, in the argument, that the court rejected this evidence because the record showed that Beeler was not served with process, and made no appearance. In this the court were clearly right. Beeler was a necessary party to the suit in chancery. The bill prays that the judgment against him may be reinstated. It seeks to make it a lien upon the land which he had conveyed to Reid, and the

Seely v. Reid.

title to which he covenants to warrant and defend. Hence he was made party. The process returned, as to Beeler, not found. There is no evidence of publication, and it does not appear from the record that he appeared. The court rendered decree, setting aside the sale and the satisfaction of the judgment and execution, and ordered that said judgment against said Becler stand, and be taken, and stand as though no such execution had issued, or sale taken place. This the court could not legally do, never having acquired jurisdiction of the person of Beeler. If the record was silent in relation to the service, jurisdiction would be presumed, upon the ground that courts of general jurisdiction, in the exercise of their ordinary powers, are favored with that legal presumption which forbids all enquiry into jurisdiction, in a collateral proceeding. But when it appears, from the record of such court, there was no service,.that it had no power to render the judgment which it did render, its most solemn acts are mere nullities, of no more force or efficacy than judgments of courts of inferior jurisdiction, upon matter over which they had no control. *Voorhies* v. *Bank*, 10 Peters, 449; *Thompson* v. *Tomlin*, 2 Peters, 157; *Rose* v. *Hemely*, 2 Cond. 100; *Lessee of Hickey* v. *Stewart et al.*, 3 How. 750 ; *Hellingsworth* v. *Barbour*, 4 Pet. 466; *Bloom* v. *Burdick*, 1 Hill. 130; *Shriver's Lessee* v. *Linn et al.*, 2 How. 43; *McComb* v. *Marshall*, 8 S. and M. 505; *Enos* v. *Smith*, 7 ib. 85, 9 How. 348, 349; *Wheaton* v. *Sexton's Lessee*, 4 Pet. Cond. 521; *Marshall* v. *Marshall*, 2 G. Greene, 241; *Reid* v. *Wright*, 2 G. Greene, 15; *Webster* v. *Reid*,[*] decided in Sup. C. U. S., *vide* pamp. ed., involving the same question as the case of *Reid* v. *Wright*, referred to above. In this case the decision of this court, in *Reid* v. *Wright*, is fully sustained. Judge McLean, in delivering the opinion says: " No person is required to answer in a suit, on whom process has

---

[*] 11 How. U. S. 437.

not been served, or whose property has not been attached. In this case there was no personal notice, nor attachment, or other proceeding against the land, until after the judgments. The judgments, therefore, are nullities, and did not authorize the execution on which the land was sold." This decision is entirely in point, and must be decisive of the case before us.

The proceeding against Beeler was in *personam.* The complainant prayed for a decree to revive a judgment against him which had been satisfied. The decree is against Beeler without giving him a day in court, and hence absolutely void. But as opposed to this view of the subject we are cited to the case of *Wright vs. Marsh, Lee & Delevan,* 2 G. Greene, 95. In that case it is not decided that jurisdiction will be presumed where the want of it appears upon the record. This court has never so held. In that case the record dose not show a want of jurisdiction. Objection was made to the service, which was by publication. On this point the court say, "It appears then that proof of publication was before the court. It was considered, and the publication adjudged, to be such as was required by law."

Again the court say, "It was enough for the record to show the subject matter and the parties before the court, the exercise of judicial power in relation to them, and a final judgment." Here was jurisdiction, and this being established, the judgment could not be collaterally assailed for mere irregularity. But it is also said that in the case under consideration the court must have decided that it had jurisdiction over Beeler, or it would not have rendered a decree, and therefore that decision is conclusive. This would be a correct position, if the record did not disclose the fact that Beeler was not served and did not appear.

We think the following the true rule on this subject: When the record shows that there was no jurisdiction, either over the parties or subject matter, the court has no

Seely *v.* Reid.

power to decide any question affecting the person or subject matter over whom or which jurisdiction has not been obtained; and any judgment so made is absolutely void, and may be so declared in any collateral proceeding. When, however, the judgment is silent upon those facts necessary to confer jurisdiction, the law presumes the decision of the court in favor of jurisdiction to be correct, and its final judgment will be binding until reversed in an appellate court upon a direct proceeding. This doctrine applies only to courts of general jurisdiction in the exercise of their ordinary powers, and when their judgments are brought in question in the State where rendered.

The decree reinstating the judgment against Beeler being void, there was no valid subsisting judgment upon which execution could issue. The execution was also void, and the sale to Seely upon execution on such judgment communicated no title. It is well settled that there must be a valid subsisting judgment, execution and levy, and to these must the purchaser look in buying land at sheriff's sales. If there is no such judgment, all subsequent proceedings are void.

Beeler then not having been party to the proceedings in chancery, and the decree against him a mere nullity, the court did not err by rejecting it when offered in evidence.

We are not prepared to say that Seely, who evidently purchased in good faith at the first sale, and paid his money through an innocent mistake, has not a remedy. His money has satisfied a judgment, and either Reid or Beeler has received the benefit; but where his remedy is, or how to be obtained, is not for this court to determine.

Judgment affirmed.

*J. C. Hall* and *Charles Mason*, for plaintiff in error.

*H. T. Reid*, for defendant.