Christian, J.,
delivered the opinion of the court.
This case is before us upon a writ of error to a judgment of the circuit court of Washington county. The action was ejectment brought by the defendant in error against the plaintiff in error, for the recovery of certain lots in the town of Goodson.
The jury to which the case was submitted, at the May term 1874, found a special verdict. That verdict found that the plaintiff had title to the land in controversy until a sale made in the case of Johnston & Campbell v. the plaintiff Wilson. The verdict (after setting forth the fact, that the original papers in the case of Johnston & Campbell v. Wilson had been destroyed,) finds certain matters of record taken from the execution books and minute books of the county court, as follows: Record of a judgment by default at March term 1861, in favor of Johnston & Campbell v. Wilson for $40, with interest from 17th April 1860 till paid; costs $8.24; ji. fa. satisfied, and money paid plaintiffs. See reports and order of sale May.
Also an order entered upon the minute book of said county court, dated June 25th, 1861, which after reciting the judgment above referred to, and the issuance of- an attachment, and the levy of the same on the lots in controversy, and the fact that the plaintiffs had executed bond with security as required by law, directs the sheriff of said to make sales of *626 much or so many of the lots of the defendants so attached as will be sufficient to satisfy the judgment and costs of plaintiffs, and that the same he sold for cash.
The special verdict further finds that the following orders were entered in said attachment suit, to'wit:
“Ho. 3.”—Prom Minute Book, April 28,1862.
Johnston f Campbell, pit's j v. > On an attachment. A. T. Wilson, defendant. J
William King Heiskell, sheriffs of this county, having returned, upon the order of sale issued in this cause, that he had sold the property therein named to Thomas C. Lancaster for the sum of $615, it is ordered that the said Heiskell, sheriff of this-as aforesaid, execute, acknowledge, and deliver to the said Lancaster a deed with special warranty, conveying to him the lots in the said order of sale, and other proceedings in the cause mentioned.
Ho. 4.—Prom Minute Book, March 2, 1866.
Johnston f Campbell j v. \ On debt. A. T. Wilson. J
By an order heretofore made in this case, William K. Heiskell, sheriff of the county, was directed to sell -lot in Gfoodson, the property of the defendant, and in obedience to said order he sold the same, as will appear by his report filed, and Thomas C. Lancaster became a purchaser at the sum of $615. It is therefore ordered that James C. Campbell be and he is hereby appointed a commissioner to convey said lots to the purchaser, Lancaster, with special warranty.
*627 The special verdict also sets out in hceé verba the deed •executed by James C. Campbell to Lancaster, the purchaser, in accordance with this last named order; and •concludes as follows:
“If the said proceedings and conveyance pass the title of the plaintiff to defendant, to the property in controversy, it being admitted that the property conveyed by commissioner Campbell to defendant is the property in controversy, then we find for the defendant; if they do not pass the title of plaintiff to defendant, then we find for the plaintiff the premises in question; and we find for the plaintiff $868.75 for mesne profits of the property from the-day of March, 1868, to the institution of this suit, being five years lacking one month.”
Upon this special verdict the circuit court of Washington entered a judgment for the plaintiff; and to this judgment a writ of error was awarded by this court.
The court is of opinion that the circuit court erred in rendering a judgment for the plaintiff, and that upon this special verdict the judgment ought to have been rendered in favor of the defendant.
While the papers in the attachment suit had been destroyed, the orders and judgments taken from the execution book and minute book of the county court, show, conclusively, that in the suit of Johnston & Campbell v. Wilson, an attachment had issued, and was levied upon the lots in controversy, .and that a sale was made by the sheriff; that that sale was approved by the court; that at that sale Lancaster became the purchaser, and that a deed was directed to be executed and delivered to him by a special commissioner of the *628 court, conveying to him the lots thus levied upon and sold by the sheriff.
Now it is conceded that the county courts of the commonwealth, at the time this suit was brought, were invested by law with general jurisdiction in eases of attachment. Every presumption must be made in favor of the correctness of the proceedings set forth in that verdict; and in the absence of anything in the record to show the contrary, the court will presume that proper process in a proper ease was issued and served upon the defendant, and that he was properly before the court when these several orders were entered in the said attachment suit. We must treat the case then, as one in which the court had jurisdiction of the subject matter, and of the parties. Thus treating it, the question is, can the plaintiff in an action of ejectment oust the defendant of his possession, and defeat his title acquired as a purchaser from the sheriff at the sale made under the proceedings in the attachment suit? It is conceded in this case that Lancaster is a bona fide purchaser, who paid a full and fair price for the land in controversy. Fraud and collusion between him and the sheriff, or between him and the plaintiffs in the attachment suit, is neither proved nor even charged. But it is insisted that there were certain irregularities in the attachment suit which makes the sale void; and therefore no title was conferred upon the purchasers. In my view of the case it is not necessary to enquire whether such irregularities existed. No matter how irregular or how erroneous may have been the proceedings in that suit,- they cannot be enquired into in this. That would be to assail collaterally the judgment of a court of record which had jurisdiction of the parties and the subject matter. This can never be done. But the judgment of such a *629 court until reversed, upon writ of error to an appellate court, must be accepted always and everywhere, as a final adjudication of the questions between the to.the suit. This is the settled doctrine of the courts. It is not merely an arbitrary rule of law, established by the courts, but it is a doctrine founded upon reason and the soundest principles of public policy. It is one which has been adopted in the interest of the peace of society, and the permanent security of titles. If after the rendition of a judgment by a court of competent jurisdiction, and after the period has elapsed when it becomes irreversible for error, another court may in another suit enquire into the irregularities or errors in such judgment, there would be no end to litigation, and no fixed established rights. A judgment though unreversed and irreversible, would no longer be a final adjudication of the rights of litigants, but the starting point from which a new litigation would spring up; acts of limitation would become useless'and nugatory; purchasers on the faith of judicial process would find no protection; every right established by a judgment would be insecure and uncertain, and a cloud would rest upon every title. As was well said by Mr. Justice Baldwin in the ease of Vorhees v. The Bank of the United States, 10 Peters R. 449, 474: “If the principle once prevails that any proceeding of a court of competent jurisdiction can be declared to be a nullity by any court, after a writ of error or appeal is barred by limitation, then every county court and justice of the peace in the union may exercise the same right. If after its rendition, the judgment is declared void for any matter which can be assigned for error only on a writ of error or appeal, then such court not only usurps the jurisdiction of an appellate court, but collaterally nullifies *630 what such court is prohibited by express statute law from ever reversing.” * * * “The errors of a court do not impair their validity. Binding until' reversed, any objection to their full effect must go to the authority under which they have been conducted!”
These principles have been repeatedly declared by the decisions of the supreme court of the United States, as well as the decisions of this court, and cannot now be questioned. See Elliott v. Peirsol, 1 Peters R. 328, 340; 2 Peters 169; 6 Peters 729; Harvey v. Tyler, 2 Wall. U. S. R. 328, 339; Slater v. Maxwell, 6 Wall. U. S. R. 268; Cooper v. Reynolds, 10 Wall. U. S. R. 308; Cox & als. v. Thomas’ adm’x, 9 Gratt. 323; Ballard v. Thomas and Ammon, 19 Gratt. 14; Cline’s heirs v. Catron, 22 Gratt. 378.
Recognizing the doctrine firmly settled by these decisions, neither this court nor the court below can enquire whether the proceedings in the attachment suit were in accordance with law. It is needless, therefore, even to note the irregularities and errors pointed out by the learned counsel for the appellees in the record in the attachment suit. There is one, however, much relied upon, I will notice. It is said the sheriff acted without authority in making the sale of both lots, when the corder of the court directed him to sell only so much as might be necessary to pay the judgment and costs; and that this want of authority in the sheriff affected the purchaser, because he was bound to see that the sale was made in accordance with the order of the court. The obvious answer to this view is, that the sale was reported to the court and confirmed, and thereby the sale became an act of the court. The remedy was, to correct the error by motion in that court, or by writ of error in an appellate court. It is not the case of an unauthor *631 ized act of the sheriff’, or other officer, selling property not directed to be sold by the court. In such case the sale would be a nullity, and such sale would not be a proceeding of the court. But when the sale is reported and confirmed, it then becomes an act of the court, and cannot he enquired into collaterally in another suit. Conceding, therefore, that the irregularities were many and the errors gross, they could only he remedied by motion in that suit, or by writ of error to the judgment. In the action of ejectment the door was closed to all enquiry except whether the court in the attachment suit had jurisdiction of the subject matter, or whether the purchaser was a fraudulent purchaser.
Want of jurisdiction, or fraud in the purchaser, may be shown in any case, and, when established, will always vacate the sale and annul the deed made under it; but nothing else will, when relied upon in another suit which brings into question collaterally the judgment of a court of competent jurisdiction.
The judgment of the circuit court of Washington cannot be sustained without a violation of principles which ought to remain inviolable. I am therefore of opinion that the judgment should be reversed and a judgment entered for the defendant.
Judgment reversed.