Drake, Cb. J.,
delivered tbe opinion of tbe court:
Tbe claimant’s demand rests upon tbe assumption that ever since tbe 2Sth of April, 1877, be has been, and still is, a second lieutenant in tbe Fifth Kegiment of Cavalry, in tbe United States Army, and is entitled to pay as such from that day to tbe present time.
On that day, pursuant to tbe sentence of a court-martial approved by tbe President, be was dismissed from tbe service. He claims that bis dismissal was a nulbty, because tbe court-martial bad no jurisdiction to try him, and therefore that its sentence was void and did not authorize bis dismissal.
He bases this position not on any illegality in tbe convening of tbe court, nor upon tbe omission of any act or proceeding legally necessary to its due constitution as a court-martial, but upon tbe fact that Colonel Merritt, who bad preferred tbe fourth charge and specifications against him, and was sworn as a witness on tbe part of tbe government to sustain that charge, sat throughout tbe trial and participated in tbe judgment of tbe court. '
Tbe whole record of tbe court-martial is before us, and there is therefore no room for dispute as to tbe facts.
From that record it appears that before tbe members of tbe court were sworn in as such, tbe claimant beard tbe order convening it read, and was asked if be bad any objection to any member of the court, to which be replied in tbe negative. This was a consent on bis part to tbe participation of Colonel Merritt *541 in. tbe trial, and it is too late now for tbe claimant to insist — if, indeed, be could ever do so successfully — tbat tbe jurisdiction of tbe court was lost by tbe presence of tbat officer as one of its members. Tbe case is analogous to a consent given by a defendant to be tried by a judge wbo is of kin to tbe opposite party, or by a jury, one of whom, when examined as to bis qualifications as a juror, declared tbat be bad formed and expressed an opinion tbat tbe defendant was guilty. In neither sucb case could it be effectively claimed tbat tbe jurisdiction of tbe court was lost.
If, then, tbe jurisdiction of tbe court-martial was not lost by tbe presence of Colonel Merritt as one of its members, its proceedings cannot in any way be impeached in this court; for-no doctrine is better settled than tbat judicial proceedings can be assailed or questioned collaterally only when tbe court in which they occurred was without jurisdiction to take them. (Thompson v. Tolmie, 2 Pet. 157; Voorhees v. Bank United States., 10 ib, 449.)
Tbe claimant’s petition must be dismissed.