BONBRIGHT v. SCHOETTLER.

(Circuit Court of Appeals, Third Circuit. December 30, 1903.)

No. 36.

1. FIRE ESCAPES—PENNSYLVANIA STATUTE—EFFECT OF CERTIFICATE OF APPROVAL.

The Pennsylvania fire escape act of June 11, 1879 (P. L. 128), requires the owner of every factory building of a certain height to provide a permanent, safe, external means of escape therefrom in case of fire; provides for its inspection by certain officers, and that, if found satisfactory, a certificate of approval shall be issued to the owner; imposes a penalty for failure to comply with its provisions; and also gives an action for damages against the owner to any person injured as the result of the absence of such efficient fire escape. It does not, in terms, provide what the effect of the certificate of approval shall be. *Held*, that in view of the penal character of the act, and the fact that it created a liability not existing at common law, the official certificate of approval, properly issued, must be taken as conclusive evidence of a compliance with the act, and protects the owner from liability thereunder for either the penalty or damages.

**2. SAME.**

Such a certificate relates to the building, and not to the owner, and is equally available to a succeeding owner.

**3. SAME—AMENDATORY ACT—EFFECT OF PROVISO.**

By an amendatory act of June 3, 1885 (P. L. 68), the number and character of the fire escapes required were specified, and it was expressly provided that certificates of approval issued thereunder should relieve the owner from liability on account of the fines, damages, or imprisonment imposed thereby; but such act contained the proviso "that nothing in this act shall interfere with fire escapes now in use, approved by the proper authorities." *Held*, that such proviso was intended to save from the operation of the new act such fire escapes as had been constructed and approved under the act of June 11, 1879 (P. L. 128), which continued to be legally sufficient.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 123 Fed. 817.

Geo. Wharton Pepper, for plaintiff in error.

Thomas A. Fahy and D. Webster Dougherty, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. August A. Schoettler brought suit in the court below to recover damages, under the Pennsylvania fire escape legislation, for personal injuries which he sustained in a fire which destroyed a factory building which the defendant below, William P. Bonbright, owned in his capacity of trustee for Sarah Long and Jane Nelson Bonbright. The factory building was occupied at the time of the fire by a tenant for whom the plaintiff worked. The fire occurred on June 13, 1902. Upon the trial the jury rendered a verdict in the sum of $2,600 for the plaintiff, subject to the opinion of the court upon a question of law reserved. Subsequently the court entered judgment upon the verdict in favor of the plaintiff, and the defendant took this writ of error. As the case comes to us, it involves no disputed matter of fact, but solely a question of law.

On June 11, 1879, the Legislature of Pennsylvania passed an act (P. L. 128), the first section of which, inter alia, enacts that every building used as a factory in which operatives are usually employed in the third or any higher story "shall be provided with a permanent, safe, external means of escape therefrom in case of fire," and it shall be the duty of the owner "to provide and cause to be affixed to every such building such permanent fire escape." By the second section of the act it is enacted that "it shall be the duty of the board of fire commissioners, in conjunction with the fire marshal of the district where such commissioners and fire marshal are elected or appointed, to first examine and test such fire escape, and after, upon trial, said fire escape should prove satisfactory, then the said fire marshal, in connection with the fire commissioners, or a majority of them, shall grant a certificate approving said fire escape." The third section enacts that every person whose duty it is by the first section of the act to provide and cause to be affixed to any building such external fire

escape shall "be liable in an action for damages in case of death or personal injury sustained in consequence of fire breaking out in any such building and of the absence of such efficient fire escape," and that "all persons failing to comply with the provisions of this act shall be liable to a penalty not exceeding ($300.00) three hundred dollars, to be collected as fines and forfeitures are now by law collectible."

On December 11, 1883, the board of fire commissioners, in conjunction with the fire marshal of the district, having first examined and tested, and upon trial having found to be satisfactory, an external fire escape which James Long, the then owner of the factory building here in question, had provided and caused to be affixed to said factory building, issued to Mr. Long the following certificate of approval:

"No. 588.          Fire Escape Inspection.

"Certificate of Approval.

"This certifies that the undersigned have examined and tested the Fire Escape erected on the five-stories building, now standing upon the lot of ground situate S. E. cor. Second and Oxford Streets, that the said Fire Escape proves satisfactory, and that they therefore approve the same.

"Witness their hands hereto set this 11th day of December, A. D. 1883.

"Board of Fire Escapes.

"Jacob Laudenslager,                        W. F. McCully,
      "Fire Commissioner.                         Fire Commissioner.
"Wm. Judge,                                 Joseph S. Robinson,
      "Fire Commissioner.                         Fire Commissioner.
"Sam'l Gilpin,                              Charles W. Wood,
      "Fire Commissioner.                              Fire Marshal.
"Edward Furlong,
      "Fire Commissioner."

Thereafter this external fire escape was maintained on the building in the same condition as when approved, and it was there at the time of the fire. The defendant, William P. Bonbright, acquired title to this property as trustee under foreclosure of a mortgage given by James Long to Mr. Bonbright as trustee for Mr. Long's two daughters, named above. After he thus acquired title, Mr. Bonbright leased the property to a tenant, who was in possession at the time of the fire.

The jury specifically found that the defendant had discharged his duty with regard to ropes and chains required by the supplementary act approved June 1, 1883 (P. L. 50). By an act approved June 3, 1885 (P. L. 68), the above-recited act of June 11, 1879, was amended in several particulars. The first section of the amended act directs "such escapes to consist of outside, open, iron stairway, of not more than forty-five degrees slant, with steps not less than six inches in width and twenty-four inches in length," and that "all of said buildings capable of accommodating from one hundred to five hundred or more persons as operatives, guests or inmates, shall be provided with two such stairways, and more than two stairways, if such be necessary to secure the speedy and safe escape of said inmates"; but it is provided in and by this section "that nothing herein contained shall prohibit any person whose duty it is under this act to erect fire escapes from selecting and erecting any other and different device, design or

instrument, being a permanent, safe, external means of escape, subject to the inspection and approval of the constituted authorities for that purpose." The second section of the act of 1885 declares that the certificate of approval granted by the fire commissioners and fire marshal shall relieve the party or parties to whom such certificate is issued "from the liabilities of fines, damages and imprisonment imposed by this act." The third and last section of the act of 1885, after prescribing punishment by fine and imprisonment for neglect or refusal to comply with the requirements of the first section of the act, further enacts that "in case of fire occurring in any of said buildings in the absence of such fire escape or escapes, approved by certificate of said officials, the said person or corporations shall be liable in an action for damages in case of death or personal injuries sustained in consequence of such fire breaking out in said building, and shall also be deemed guilty of a misdemeanor punishable by imprisonment for not less than six months, nor more than twelve months." This amended act of 1885, however, contains at the end thereof the following proviso: "Provided, that nothing in this act shall interfere with fire escapes now in use, approved by the proper authorities."

The defendant's fire escape did not conform to the particular specifications mentioned in the first section of the act of 1885, and no certificate approving his fire escape had issued under that act. The defendant relied upon the certificate of approval above set forth, issued to his predecessor in title, James Long.

The controlling question in the case is whether the official certificate approving the fire escape which was granted under the act of 1879 protected the defendant against the plaintiff's demand. In considering this question, we note at the outstart that the plaintiff's demand is founded on a statute which is of a penal nature. Upon the facts appearing, the defendant was under no common-law liability to the plaintiff. Schott v. Harvey, 105 Pa. 222, 227, 51 Am. Rep. 201; Keely v. O'Conner, 106 Pa. 321. Speaking of the act of 1879, the Supreme Court of Pennsylvania, in Schott v. Harvey, said: "It is certainly a highly penal statute. It imposes a duty unknown to the common law, and punishes a neglect of that duty in the manner above stated." Bearing in mind the character of this legislation as thus defined by the Supreme Court of the state, let us first examine the primary act of June 11, 1879. What effect is to be given to a certificate approving an external fire escape, granted by the fire marshal and fire commissioners under the provisions of that act? The act does not in express terms declare the effect of the certificate, but it seems to us that, upon well-settled principles, such certificate, when properly issued in accordance with the terms of the act, must be taken as conclusive evidence of compliance with the law. It is an indisputable proposition that where power or jurisdiction over a subject-matter, involving the exercise of discretion and judgment, is vested by law in a public officer or a special tribunal, the determination of such officer or tribunal as to such matter, when regularly made and within the scope of the delegated authority, is valid and binding, and cannot be questioned collaterally. United States v. Arredondo et al., 6 Pet. 691, 729, 8 L. Ed. 547; Belcher v. Linn, 24 How. 508, 522, 16 L. Ed.

754, 758. The Supreme Court of the United States in the former of the last-cited cases said:

"It is a universal principle that where power or jurisdiction is delegated to any public officer or tribunal over a subject-matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid as to the subject-matter, and individual rights will not be disturbed collaterally for anything done in the exercise of that discretion within the authority and power conferred. The only questions which can arise between an individual claiming a right under the acts done, and the public, or any person denying its validity, are power in the officer and fraud in the party. All other questions are settled by the decision made or the act done by the tribunal or officer, whether executive ([Marbury v. Madison] 1 Cranch, 170, 171 [2 L. Ed. 60]), legislative ([McCulloch v. Maryland] 4 Wheat. 423 [4 L. Ed. 579]; [Satterlee v. Matthewson] 2 Pet. 412 [7 L. Ed. 458]; [Providence Bank v. Billings] 4 Pet. 563 [7 L. Ed. 939]), judicial ([Perkins v. Fairfield] 11 Mass. 227; [McPherson v. Cunliff] 11 Serg. & R. 429 [14 Am. Dec. 642], adopted in [Thompson v. Tolmie] 2 Pet. 167, 168 [7 L. Ed. 381]), or special ([Rogers v. Bradshaw] 20 Johns. 739, 740; 2 Dow, P. C. 521, etc.), unless an appeal is provided for, or other revision by some appellate or supervisory tribunal is prescribed by law."

The manifest intent of the act of 1879, we think, was to give security to one to whom an official certificate approving his fire escape had been duly granted. If the statutory certificate is not conclusive evidence of compliance with the law, there is no certain criterion available, for a verdict of approval by one jury is not binding upon another jury. It is not to be believed that the Legislature intended to expose to the risk of suits for damages and of criminal prosecutions one who in good faith has affixed to his building a fire escape approved by the proper officials, and to whom these officials have duly granted a certificate of approval. We are of opinion that the action of the constituted board of experts, within their jurisdiction, in the absence of any fraud, cannot be set aside by the verdict of a jury. The fact that the act of 1885 expressly provides that the certificate of approval shall relieve the party to whom it is issued from the liabilities of fines, damages, and imprisonment imposed by that act does not militate against the view that a certificate of approval granted under the act of 1879 is conclusive. The act of 1885 only expresses what is clearly implied in the act of 1879.

The suggestion that a certificate of approval granted under the act of 1879 was available only to the then owner of the building, and is not available to a succeeding owner, does not strike us with favor. The fire escape is a permanent fixture. The approval is based upon an official examination and test of the structure itself. The certificate is not of a personal nature, but concerns the res. To hold that the official certificate of the sufficiency of the affixed fire escape is annulled or its effect impaired by a mere transfer or devolution of the title to the property would be most unreasonable. Both the letter and the spirit of the statute are against such view.

We are now to inquire whether the certificate upon which the defendant below relied was vitiated or affected by the act of June 3, 1885. The final proviso of that act, we think, furnishes a negative answer to that inquiry. That proviso broadly declares "that nothing in this act shall interfere with fire escapes now in use approved by

the proper authorities." This language, it seems to us, was intended to conserve and did save from the operation of the new act then existing fire escapes which had been officially approved under the act of 1879. If this was not the purpose of the proviso, it was very misleading. As the act of 1885 is highly penal, it is not, in view of its proviso, to be construed as embracing persons who had complied with, or were under the protection of, the previous act. It will be perceived that even a departure from the particular construction specified in the act of 1885 is permissible, if approved by the constituted authorities. Evidently the Legislature considered the approving judgment of these authorities as worthy of all acceptation. Hence the emphatic declaration of the final proviso "that nothing in this act shall interfere with fire escapes now in use, approved by the proper authorities." Under this sweeping language, existing and duly approved fire escapes were in no wise interfered with by anything contained in the act. The defendant's fire escape came squarely within the terms of this proviso. It therefore continued to be a legally sufficient structure, and the official certificate of its approval protected the defendant from the plaintiff's demand. We are of opinion that the court below should have entered judgment for the defendant on the reserved question.

The judgment of the circuit court is reversed, and the cause is remanded to that court, with direction to enter a judgment in favor of the defendant below non obstante veredicto.