# JOHN MALONEY *et al.*

## *v.*

## EDWARD DEWEY *et al.*

### *Filed at Ottawa January 25, 1889.*

1. JUDGMENT OR DECREE—*how far conclusive—generally.* It is a general rule, that when it is once made to appear that a court has jurisdiction both of the subject matter and of the parties, the judgment or decree which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or erred in its application of the law in the case before it.

2. SAME—*in case of an insane person—how far a judgment or decree is conclusive—and herein, of the remedy as to a suit at law against an insane person.* Where an insane person is properly brought before the court by personal service, the judgment or decree rendered against him will be valid and binding, and is said to be neither void nor voidable.

3. Where a lunatic or insane person is sued at law, the proper remedy for the lunatic is to apply to a court of chancery to restrain the proceeding, and to compel the plaintiff to go there for justice. But a judgment against a lunatic, until set aside in chancery, or otherwise, is as valid and binding as any other judgment. It seems, however, that the mere fact of insanity, alone, is not a sufficient ground to set aside the judgment. It should further be shown that the judgment is inequitable.

4. CONFLICT OF LAWS—*jurisdiction of State courts to review the action of Federal courts.* A decree of the United States Circuit Court for the foreclosure of a mortgage can not be set aside by the State courts on the ground of error in the proceedings not affecting the jurisdiction, and a redemption be allowed from the mortgage. An error in ordering a sale without allowing redemption will not divest the Federal court of jurisdiction. If there are any equitable grounds of relief against such decree, they must be presented to that court.

5. So where a decree of strict foreclosure has been rendered in the Circuit Court of the United States against a lunatic or insane person, that court is the proper forum in which to apply for relief against the decree. The State courts have no power or authority to review, revise and correct such decree.

6. GUARDIAN AD LITEM—*who may act in that capacity.* There is no statute or rule of law which requires that a person appointed as guardian *ad litem* shall be a solicitor, and the appointment of the clerk of

the court as such will not render the decree a nullity in a collateral proceeding, or call for the setting aside of the final decree.

7. SAME—*in the case of an insane person—the statute construed.* The provision of section 6 of the Chancery Code, that in any cause in equity it shall be lawful for the court to appoint a guardian *ad litem* to any insane defendant in such cause, is not made jurisdictional, and can have no application where a conservator has been appointed, and is acting, or when the complainant has no knowledge of the insanity.

8. SAME—*errors of guardian ad litem—whether affecting jurisdiction.* The acts of a guardian *ad litem*, after appointment, may be erroneous, but however much so, they can not be held to relate back and divest the court of the jurisdiction which authorized it to make the appointment.

9. ALLEGATIONS AND PROOFS — *bill to impeach a decree confined to objections therein stated.* A bill to impeach a decree of a circuit court of the United States will be confined to the grounds stated therein, and where objections to the decree are urged, but not stated in the bill, they will be disregarded.

10. PARTIES—*in chancery—bill against a lunatic.* After inquisition, and the appointment of a conservator for a lunatic, a party filing a bill to enforce the contracts of the lunatic should make the conservator a party; but until such appointment, it is competent to commence suit against the lunatic. The complainant is not bound to ascertain the mental capacity of the defendant before he can bring suit.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Edward Dewey obtained a decree in the Circuit Court of the United States for the Northern District of Illinois, in a certain cause pending in that court wherein he was complainant, and John Maloney, William Maloney, John Maloney, Jr., Catherine Maloney, Charles E. Durand, John Mattocks, the city of Chicago and Isaac Tomlinson, were defendants, foreclosing a certain deed of trust on land alleged to have been owned by Mary Maloney, and deeded by her and her husband, John Maloney, in trust, to secure the indebtedness therein described. It was alleged in the bill that Mary Maloney died intestate before the filing of the bill, and that William Maloney, John Maloney, Jr., Catherine Maloney and Isaac Tomlinson, "have, or claim to have, some interest in the premises as heirs-at-law

of Mary Maloney, or otherwise." The property described in the deed of trust was sold pursuant to the decree, and purchased by the complainant therein. The purchaser was let into possession, and he afterwards sold and conveyed the property purchased, to Sidney A. Kent and Albert E. Kent. The present bill was filed in the Superior Court of Cook county by John Maloney, John Maloney, Jr., and Catherine E. Kirby, against Dewey and the Kents, praying that the decrees, orders and proceedings of the United States Circuit Court, foreclosing the deed of trust, be adjudged to be void as to the said John Maloney, Jr., and William Maloney, that an account be taken of the amount due upon the deed of trust, and that they be let in to redeem, etc.

It is, among other things, in substance, alleged in the bill, that John Maloney, Jr., was a minor when the decree of foreclosure was rendered; that the person named as *guardian ad litem* in the decree, and who answered for him as such, was then and still is clerk of the Circuit Court of the United States for the Northern District of Illinois, and that the laws of the United States prohibited him from doing any act as solicitor or counselor, and that, in fact, he did no act as solicitor or counselor for the defense of the rights and interests of John Maloney, Jr., and that such rights and interests were wholly unprotected in the suit; that William Maloney died on a date named, which is since the decree was rendered, leaving the complainants in the present bill his only heirs-at-law; that from a date named, which is long anterior to the filing of the bill for foreclosure, and thence until his death, he was insane, and that he was adjudged to be insane, and a conservator appointed by a competent tribunal, but the date of this adjudication and appointment was subsequent to the service of the summons upon him. It is insisted that the proceedings in the cause, as against William Maloney, subsequent to the service of the summons upon him, were fraudulent and void, and it is alleged no day in court was given him to show cause against

the granting of the decree; and it is finally alleged, that at the time of the filing of the bill to foreclose, no default had been made whereby any right had accrued to sell under the trust deed; that they have no knowledge as to the loan to secure which the trust deed was given, but charge that it was usurious. The court sustained a demurrer to the bill, and the record is brought to this court by error to that decree.

Mr. EDWARD ROBY, and Mr. THOMAS H. GAULT, for the plaintiffs in error:

The decree for sale and conveyance without redemption, was void. *Brine* v. *Insurance Co.* 96 U. S. 627; *Allis* v. *Insurance Co.* 97 id. 144; *Orvis* v. *Powell*, 98 id. 176; *Railroad Co.* v. *Fosdick*, 106 id. 71; *Swift* v. *Smith*, 102 id. 442; *People* v. *Cooper*, 83 Ill. 595; *Castner* v. *Walrod*, id. 179.

A judgment obtained by fraud is not conclusive, and equity may relieve against it. *Pratt* v. *Northam*, 5 Mason, 95; *Buck* v. *Colbath*, 3 Wall. 342; *Gould* v. *Gould*, 3 Story, 536; *Contee* v. *Godfrey*, 1 Cranch, 479.

The plaintiff, knowing the defendant's condition, and incapacity to defend, by imposing on the court, and selling the lunatic's land, is guilty of the gravest fraud. *Bryan* v. *Wash*, 2 Gilm. 564.

As the lunatic was not bound by the decree before his death, the right to redeem passed to his heirs.

A judgment or decree fraudulently obtained may be attacked collaterally, or by bill to set the same aside. Adam's Eq. *420; *Loyd* v. *Malone*, 23 Ill. 43; *Johnson* v. *Johnson*, 30 id. 215; *Kuchenbeiser* v. *Beckert*, 41 id. 172; *Gooch* v. *Greene*, 102 id. 510; *Gould* v. *Gould*, 3 Story, 536.

Where a decree has been made against an infant or lunatic in a case where no guardian is appointed, an original bill, impeaching the decree for fraud, may be filed without leave of court, and the court must vacate the decree and put the

parties *in statu quo. Richmond* v. *Tayleur,* 1 P. Wms. 737; Cooper's Eq. 96, 97; 2 Daniell's Ch. Pr. 1584.

It will be enough for the infant or lunatic to say the decree was obtained by fraud and collusion, or that no day was given him to show cause against it. 1 P. Wms. 737.

Infants, idiots and lunatics are incapable, by themselves, of defending a suit. Story's Eq. Pl. sec. 70; *Bank* v. *Ritchie,* 8 Pet. 143.

The lunatic, if served with process, was powerless to answer, or to confess the bill, or to attend before a master, or do anything to defend his rights. "Infants, idiots and lunatics are as incapable, by themselves, of defending, as they are of instituting, a suit." Lord Redesdale, p. 82; Cooper's Eq. 31, 33, 109.

The lunatic was gotten into court by process, but was tied hand and foot, so that he could not answer, or take any step whatever in the case. The decree is exactly parallel to that reviewed in *Windsor* v. *McVeigh,* 93 U. S. 277. See, also, Story's Eq. Jur. secs. 222, 223, 227; Cooper's Eq. 96; Mitford's Pl. 73; 2 Daniell's Ch. Pr. 584; 1 id. 176, 177.

A proceeding where a defendant can not answer, and is not represented, is no judicial determination of his rights, any more than it would be if he had not been served with process. *Gregory* v. *McVeigh,* 23 Wall. 294; 93 U. S. 284; *Windsor* v. *McVeigh,* 93 id. 274; *Loyd* v. *Malone,* 23 Ill. 44; *Johnson* v. *Johnson,* 30 id. 215; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Gould* v. *Gould,* 3 Story, 536; *Richmond* v. *Tayleur,* 1 P. Wms. 737; Cooper's Eq. 96, 97; 2 Daniell's Ch. Pr. 1584.

In *Loyd* v. *Malone,* and subsequent cases, the Illinois Supreme Court proclaimed its inclination to go to the full extent of the doctrine.

Messrs. MASON BROTHERS, for the defendant in error Dewey:

Except in cases of appellate jurisdiction from the State to the Federal courts, the courts of neither can have any right

to interfere with or control the proceedings or process of the other, or revise its judgments. *Taylor* v. *Carryl,* 20 How. 597; *In re Salisbury,* 16 Ill. 351; *Munson* v. *Harroun,* 34 id. 424; *Logan* v. *Lucas,* 59 id. 238; *Sproehnle* v. *Dietrich,* 110 id. 202; *Ritchie* v. *Pease,* 114 id. 353; *Wetherbee* v. *Fitch,* 117 id. 67.

The cases cited by plaintiffs do not authorize interference by State courts with decrees of Federal courts, or *vice versa.* *Contee* v. *Godfrey,* 1 Cranch, 479; *Buck* v. *Colbath,* 3 Wall. 342; *Dupasseur* v. *Rochereau,* 21 id. 130; *Gregory* v. *McVeigh,* 23 id. 294; *Windsor* v. *McVeigh,* 93 U. S. 274.

The decrees of the United States court, when properly drawn in question, are entitled to the same respect, and must have the same effect, as though rendered by a State court of competent jurisdiction. Story on Conflict of Laws, (7th ed.) 754; *Barney* v. *Patterson,* 6 H. & J. 203; *Niblett* v. *Scott,* 4 La. Ann. 247.

The judgment or decree of a sister State court, or of a circuit court of the United States, can not be attacked collaterally. *Homer* v. *Fish,* 1 Pick. 441; *McRae* v. *Maltoon,* 13 id. 58; *Walker* v. *Robbins,* 14 How. 584; *Christmas* v. *Russell,* 5 Wall. 306; *Horton* v. *Critchfield,* 18 Ill. 133; *Dunbar* v. *Hallowell,* 34 id. 170; *Zepp* v. *Hager,* 70 id. 226; *Jones* v. *Warner,* 81 id. 348; *Munroe* v. *People,* 102 id. 406; Story on Conflict of Laws, 756, and cases cited; *Dupasseur* v. *Rochereau,* 21 Wall. 135.

The Supreme Court of Illinois holds, positively, that such a decree can not be attacked in our courts because of the insanity of a defendant in the original suit. *Hanna* v. *Read,* 102 Ill. 608.

Judgments or decrees against lunatics are neither voidable nor void. Freeman on Judgments, 152, and cases cited; *Johnson* v. *Pomeroy,* 31 Ohio, 247; *Tomlinson* v. *Devore,* 1 Gill, 347; *Stigers* v. *Brent,* 50 Md. 215; *Wood* v. *Bayard,* 63 Pa. St. 321.

Even if the Superior Court had jurisdiction, no case is made by the bill for the impeachment of the decree in question. There was no error in the proceedings. The demurrer admits only facts well pleaded, and no facts are well pleaded, in a case like this, which mistake the power of the court to grant relief and the right of the plaintiffs to bring the suit. *Commercial Bank* v. *Buckner*, 20 How. 108.

No fraud is shown, and there is no sufficient averment of fraud. Story's Eq. Pl. (8th ed.) 426, 428; Daniell's Ch. Pr. (4th ed.) 1574, and cases cited.

The mere allegation of lunacy is entirely insufficient. Kerr on Frauds, 145; 1 Story's Eq. Jur. secs. 199, 202, 236, 237; Shelford on Lunacy, 419, 429; *Hull* v. *Warren*, 9 Ves. 605; Fonblanque's Eq. 46.

The plaintiff's only proper forum is the United States court which rendered the decree in question. *Peck* v. *Jennies*, 7 How. 624; *Mason* v. *Piggott*, 11 Ill. 89; *Taylor* v. *Carryl*, 20 How. 608; *Mail* v. *Maxwell*, 107 Ill. 554; *Railroad Co.* v. *Railroad Co.* 111 U. S. 505; *Kuppendorf* v. *Huse*, 110 id. 276; *Freeman* v. *Hove*, 24 How. 458.

Messrs. A. & C. B. McCoy, for the other defendants in error:

The Kents being *bona fide* purchasers, the decree as to them should not be disturbed. *Fergus* v. *Woodworth*, 44 Ill. 374; *Davis* v. *Gaines*, 104 U. S. 386; *Gray* v. *Brignardello*, 1 Wall. 627.

Although the judgment or decree may be reversed, yet all rights acquired at a judicial sale, while the decree or judgment was in full force, and which it authorized, will be protected. It is sufficient for the buyer to know that the court had jurisdiction and exercised it, and that the order, on the faith of which he purchased, was made, and authorized the sale. *Ward* v. *Hollins*, 14 Md. 158; *Irwin* v. *Jeffers*, 3 Ohio St. 389; *Gossam* v. *Donaldson*, 18 B. Mon. 230; *McCullough* v. *Minor*, 2 La. Ann. 466; *Thompson* v. *Tolmie*, 2 Pet. 157.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This bill attacks collaterally the validity of a decree of the Circuit Court of the United States. It alleges, for reasons hereafter to be noticed, that such decree is void, and therefore claims the right of those representing the makers of the trust deed, to redeem from it, just as if that decree had never been rendered. The general rule is, that where it is once made to appear that a court has jurisdiction, both of the subject matter and of the parties, the judgment or decree which it pronounces must be held conclusive and binding upon the parties thereto and their privies, notwithstanding the court may have proceeded irregularly, or erred in its application of the law in the case before it. Cooley's Const. Lim. (1st ed.) 408, *et seq.* There are cases which seem to be exceptional to this rule, but which, perhaps, are not, when rightly considered, where the court, although having jurisdiction of the person, and jurisdiction to adjudicate, when properly brought before it, upon the subject matter, renders a judgment not authorized by law in that class of cases, under any possible proofs,—as, for instance, in a common law case; a judgment without the verdict of a jury, there appearing to have been no waiver by the parties in interest of the right to have a jury; a judgment punishing a party by imprisonment in the penitentiary, under an indictment for a riot, and a verdict of guilty thereunder. In such cases, it may, perhaps, in a technical sense, accurately enough, be said that the court has no jurisdiction of the subject matter of the particular judgment. But whether these cases fall strictly within the general rule, or form exceptions to it, can be of but little importance, in a practical point of view, so long as the grounds on which they rest are understood and kept in mind. They are not instances of mere misapplication of law to particular facts, or erroneous interpretation of rules in particular cases, but they are attempts to exercise an authority which has no existence, in the particular case,

under any possible state of proofs. See *Windsor* v. *McVeigh,* 93 U. S. 282; *Lloyd* v. *Malone,* 23 Ill. 43.

That there was jurisdiction in the United States Court to render the decree of foreclosure, the complainant being a citizen of Wisconsin, and the defendants citizens of this State, if there was jurisdiction of the defendants, is not denied; but it is contended, on behalf of plaintiffs in error, that there was not jurisdiction of the defendants, because, first, the summons that was issued was void, by reason of not being returnable at a day during the term at which it was issued; second, the *guardian ad litem* appointed for John Maloney, Jr., was clerk of the court, and therefore prohibited from practicing as a solicitor in chancery; third, William Maloney was insane at the time he was served with process and the decree was rendered; fourth, it does not appear that the summons was properly served.

The first and fourth objections are not based on any allegations in the bill, and should, on that ground, be disregarded. We will add, however, that, in our opinion, they would have been untenable if they had been alleged, because they are not sustained by the record.

We are not aware of any statute, or ruling of any court, which requires that a *guardian ad litem* shall be a solicitor. Counsel for plaintiffs in error have called our attention to none, and in our opinion there are none. The acts of a *guardian ad litem,* after appointment, may be erroneous, but however much so, they can not be held to relate back, and divest the court of the personal jurisdiction which authorized it to make the appointment. After inquisition, and the appointment of a conservator for a lunatic, a party filing a bill to enforce the contracts of such lunatic should make the conservator a party. But until inquisition and the appointment of a conservator, it is competent to commence suit against the lunatic. The complainant is not bound to ascertain the mental capacity of

the defendant, and have a conservator appointed, before he can bring suit. *King* v. *Robinson,* 33 Me. 114.

It is provided by section 6 of our Chancery Code, (Rev. Stat. 1874, p. 199,) "that in any cause in equity it shall be lawful for the court in which the cause is pending, to appoint a *guardian ad litem* to any * * * insane defendant in such cause," etc. But this is not made jurisdictional, and, obviously, it can have no application where a conservator has been appointed, and is acting, or where the complainant had no knowledge of the insanity. The record here shows that there was no inquisition and no appointment of a conservator until after the summons was served, and there is neither averment nor proof that Dewey had any knowledge of William's insanity before the decree was rendered.

It has been held, that where an insane person has been properly before the court, "acts done by matter of record, as, fines, recoveries, judgments, statutes, recognizances, etc., shall bind as well the idiot as he who becomes *non compos mentis.*" *Beverly's case,* 4 Co. 123 ; *Mansfield's case,* 12 id. 124; Fonbl. Eq. b. 1, c. 2, sec. 2, note k. See *King* v. *Robinson, supra,* at page 123.

It is said that judgments against lunatics are neither void nor voidable, (Freeman on Judgments, sec. 123,) and that the proper remedy for a lunatic is to apply to chancery to restrain the proceedings, and to compel the plaintiff to go there for justice. (Ibid.) So, also, the same author, in a note to *Allison* v. *Taylor et al.* 32 Am. Dec. 70, in speaking of a judgment against a lunatic, says: "Unless set aside in chancery, or by some other appropriate remedy, a judgment against a lunatic is of unquestionable validity. *Lamprey* v. *Nudd,* 9 Fost. 299 ; *Wood* v. *Bayard,* 63 Pa. St. 320; *Foster* v. *Jones,* 23 Ga. 168; *Sacramento Savings Bank* v. *Spencer,* 53 Cal. 737; *Stigers* v. *Brent,* 50 Md. 214; *Johnson* v. *Pomeroy,* 31 Ohio St. 247. If an attempt were made to vacate or enjoin such judgment in chancery, doubtless, the mere insanity of the judg-

ment defendant would not be a sure guaranty of success. It would require the aid of other facts, from which the conclusion must follow that the judgment is inequitable and can not be executed without injustice." But since, in this case, it is the decree of a court of chancery, and not the judgment of a court of law, that is affected by the insanity, the requisite equitable jurisdiction is in the same court, and that court has all the jurisdiction that any court can have to relieve against any harm resulting from the decree. The decisions in this State and in other States are numerous to the point, and hold that there is no authority in the courts of one State to review, or to revise and supplement and correct, the decrees of courts of other States or of the United States. *Hanna et al.* v. *Read, et al.* 102 Ill. 596; *Wetherbee* v. *Fitch,* 117 id. 67; *Ritchie* v. *Pease,* 114 id. 353; *Sproehnle* v. *Dietrich,* 110 id. 202; *Logan* v. *Lucas,* 59 id. 238; *Munson* v. *Harroun,* 34 id. 422; *In re Salisbury,* 16 id. 351. Necessarily, therefore, if William Maloney was injuriously affected by the decree, those representing him should have applied to the court rendering the decree, to open it, and let them in to be heard.

The objection is urged, that the decree rendered is erroneous, because it directs a sale without redemption. But that error does not divest the United States Circuit Court of jurisdiction of the case. The remedy is, to apply to that court. What effect that error might have were this a suit at law, and the claim were made that the deed from the master was void because of such error, we will not undertake to decide. But this is a proceeding in equity, to redeem from a deed of trust that a Federal court has foreclosed. Whether the decree is erroneous in respect of the order of sale, or not, can not affect the jurisdiction of that court to render final decree. If this decree should be reversed on review or error, that court would still have the exclusive jurisdiction to render final decree in the case, and necessarily, therefore, some other court could not have jurisdiction to render a decree that redemption under the

deed of trust be allowed. The right of redemption is involved in the question of foreclosure. No decree can be rendered in such a case without passing upon it, and the court first obtaining jurisdiction to pass upon it must retain that jurisdiction to the end. *Ex parte Jenkins*, 2 Wall., Jr., C. C. 521; *Wallace* v. *McConnell*, 13 Pet. 151.

Other objections urged against the decree involve merely questions of erroneous rulings, unaffected by the question of jurisdiction, and can not therefore be considered in this collateral way.

The decree is affirmed.

*Decree affirmed.*