### WILSON et al. v. NORTHWESTERN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. December 3, 1894.)

No. 465.

TIME—PUBLICATION OF NOTICE.
    The publication of a notice of sale once a week for only 27 days before the day of sale is not a "previous publication" of such a notice "once a week for at least four weeks prior to such sale," as required by section 3, Act Cong. March 3, 1893 (27 Stat. 751, c. 225).

Appeal from Circuit Court of the United States for the District of Kansas.

This was a suit by the Northwestern Mutual Life Insurance Company against Levi Wilson and Maria Wilson for the foreclosure of a mortgage. From an order confirming a master's sale the defendants appeal.

Robert W. Patrick, for appellants.

Charles E. Dyer, A. B. Jetmore, and A. P. Jetmore, for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This is an appeal from an order confirming a master's sale, and overruling exceptions to his report thereof in a suit to foreclose a mortgage. It is assigned as error that the court below confirmed this sale over objection made and exception taken by the appellants on the ground that no notice of the sale had been published for at least four weeks before it took place. The third section of "An act to regulate the manner in which property shall be sold under orders and decrees of any United States courts," approved March 3, 1893 (27 Stat. 751, c. 225; 2 Supp. Rev. St. p. 135), provides:

"That hereafter no sale of any real estate under any order, judgment, or decree of any United States court shall be had without previous publication of notices of such proposed sale being ordered and had once a week for at least four weeks prior to such sale in at least one newspaper printed, regularly issued and having a general circulation in the county and state where the real estate proposed to be sold is situated, if such there be."

The first publication of the notice of sale in this case was made Friday, November 10, 1893; the second, Friday, November 17, 1893; the third, Friday, November 24, 1893; the fourth, Friday, December 1, 1893; and the sale was made Thursday, December 7, 1893.

In this act of congress the preposition "for" in the clause "for at least four weeks," as is often the case when it is used with relation to periods of time, clearly means "during" or "during the continuance of." 2 Cent. Dict. p. 2314, par. 15, under "For"; Whitaker v. Beach, 12 Kan. 492, 493. Conceding that the day of the first publication of the notice may be counted as a part of the four-weeks publication, it is not difficult to demonstrate that this notice had not been published four weeks when the sale was made. A week is seven days. The first publication of this notice was November 10th; its publication for one week, or seven days, could not have been, and was not, complete until 12 o'clock p. m., or midnight, November 16th; its publication for two weeks was not complete until midnight, November 23d; its publication for three weeks was not complete until midnight, November 30th; and its publication for four weeks was not complete until 12 o'clock p. m., or midnight, of December 7, 1893, but the sale was made at 2 o'clock in the afternoon of that day. It is plain that the notice had not then been published "for at least four weeks," and, as the act of congress positively prohibits such a sale unless "at least four weeks'" publication has been made and is complete before the sale, this sale cannot be sustained.

Our conclusion is that the publication of a notice of sale once a week for only 27 days before the day of sale is not a "previous publication" of such a notice "once a week for at least four weeks prior to such sale," as required by section 3, c. 225, p. 751, 27 Stat. (page 135, 2 Supp. Rev. St.). Early v. Doe, 16 How. 610, 616; Pratt v. Tinkcom, 21 Minn. 142, 146; Worley v. Naylor, 6 Minn. 192, 200 (6 Gil. 123, 126); Bacon v. Kennedy, 56 Mich. 329, 22 N. W. 824; Meredith v. Chancey, 59 Ind. 466; Boyd v. McFarlin, 58 Ga. 208.

The order confirming the sale must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion; and it is so ordered.