NATIONAL NICKEL CO. v. NEVADA NICKEL SYNDICATE, Limited.

(Circuit Court, D. Nevada. January 21, 1901.)

No. 701.

MORTGAGE FORECLOSURE—SALE—INSUFFICIENT NOTICE—WAIVER.

Where a federal court has rendered a decree foreclosing a mortgage, in a suit wherein it had jurisdiction of the parties and the subject-matter, the fact that the provision of such decree directing the manner in which the property should be sold, and the order of sale subsequently issued thereon, inadvertently followed the state statute, and did not conform to

the requirements of Act March 3, 1893 (27 Stat. 751). as to the notice of sale, does not render the sale made thereon void, but merely voidable: and where the defendant, with knowledge of the facts, and due notice of the application for confirmation, makes no objection thereto, and does not appeal from either the original decree or the order of confirmation, he will be deemed to have waived the defect, and he cannot attack the validity of the title acquired by the purchaser collaterally, by an action to recover the property.

At Law. Action of ejectment.

George W. Baker (Thomas V. Cator, of counsel), for plaintiff.
W. E. F. Deal, for defendant.

HAWLEY, District Judge (orally). This is an action of ejectment for the possession of certain lands and mining claims situate in Churchill county, Nev. The evidence given upon the trial presents the same questions that were discussed and decided by this court in Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 103 Fed. 391. Some of the facts will be restated: On August 12, 1899, this court entered a decree in the foreclosure suit of Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 96 Fed. 133, and directed the sale of the property in this action by a special master duly appointed for that purpose. By inadvertence this decree, as drawn by counsel, in providing the time and manner of making the sale, followed the provisions of the state statute. On August 15, 1899, the managing agent of the National Nickel Company and George W. Baker, its attorney, were each personally served with a certified copy of this decree. The special master advertised the property to be sold, as directed by the decree, by publication and posting of notices in accordance therewith. The sale was made December 9, 1899. The Nevada Nickel Syndicate, Limited, became the purchaser of the property, bidding therefor the full amount of its judgment against the National Nickel Company, and received from the special master his certificate of sale. The special master thereafter, on the 15th day of January, 1900, filed a verified report of his proceedings under the order of sale. On the 7th day of December, 1899, the Nevada Nickel Syndicate, Limited, having previously applied to this court in the foreclosure proceeding for a writ of assistance to restore to it the possession of the property herein involved, in accordance with the terms and conditions of the original and supplementary agreements of the respective parties and the mortgage, the motion, after a full hearing, was granted, and the United States marshal was ordered to execute the writ by ejecting the National Nickel Company from the property, and placing the Nevada Nickel Syndicate, Limited, in possession thereof. The United States marshal executed the writ on the 13th day of December, 1899, and the Nevada Nickel Syndicate, Limited, defendant herein, has been in possession of the property since that date. On January 27, 1900, after due and timely notice to the National Nickel Company of the motion to confirm the same, this court, after a hearing upon the motion, there being no objection thereto upon the part of the National Nickel Company, confirmed the sale. On July 23, 1900, this court denied the motions made by

the National Nickel Company, plaintiff herein, and a judgment creditor of said company, to set aside the sale of the property, made by the special master and confirmed by this court, on the ground that notice thereof had not been given as required by the act of congress of March 3, 1893 (27 Stat. 751). Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 103 Fed. 391. On August 3, 1900, no redemption of the property having been made, and the time therefor having expired, the special master made, executed, and delivered to the Nevada Nickel Syndicate, Limited, a deed of the property involved herein, in conformity with the decree of foreclosure and order confirming the sale. On the 7th day of February, 1900, an appeal was allowed by this court from the decree of foreclosure, but was afterwards dismissed by the circuit court of appeals for want of prosecution. National Nickel Co. v. National Nickel Syndicate, 41 C. C. A. 681, 101 Fed. 1006. No appeal was ever applied for or taken from the decree of the court confirming the sale, and the time for taking such appeal expired before the commencement of the present action.

Is the deed executed by the special master valid? Is it sufficient to convey the legal title to the property herein involved? Did the confirmation of the sale by the court after due notice, no objections thereto having been made, cure the defects, irregularities, and errors in the decree ordering the sale? In the light of all the facts disclosed in the record, can the plaintiff maintain the present action? Were the proceedings in the original suit concerning the sale of the property void or only voidable?

In the former opinion of this court it was expressly admitted "that, if the defendant had appeared and protested against the confirmation of the sale upon the ground that the notice of sale had not been given as required by the statute, the court would have refused to make the decree confirming the sale." And herein lies the distinction between this case and the case of Wilson v. Insurance Co., 12 C. C. A. 505, 65 Fed. 38, upon which plaintiff specially relies. There an appeal was taken "from an order confirming a master's sale and overruling exceptions to his report thereof in a suit to foreclose a mortgage." It was assigned as error "that the court below confirmed this sale over objection made and exception taken by the appellants on the ground that no notice of the sale had been published," as required by the third section of "An act to regulate the manner in which property shall be sold under orders and decrees of any United States courts," approved March 3, 1893. Here there was no objection made to the order of sale; no appearance on the part of the defendant (plaintiff herein) in the foreclosure suit at the time of the confirmation of the sale, although it had due and timely notice thereof; no opposition to the decree and order of confirmation; no exception taken either to the master's report or to the decree of confirmation; no appeal from the order of the court confirming the master's sale, and the time for taking such an appeal expired long prior to the commencement of the present action. It is admitted by plaintiff that the decree in the foreclosure suit—Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 96 Fed. 133, 156—is final;

that the rights of the defendant herein were thereby established, and cannot now be questioned, because no appeal was taken therefrom. No principle of law is better settled than "that a cause of action once finally determined, without appeal or some proceeding for the annulment of the judgment between the parties on the merits by any competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal." 11 Am. & Eng. Enc. Law, 390, and authorities there cited. The law is also well settled that where jurisdiction, or the power to act, exists, and the only objection to its exercise is one intended for the benefit and protection of the party complaining thereof, such objection must be taken at the earliest practicable opportunity after the party or his counsel is aware of its existence, or it will be regarded as waived by the omission or neglect of the party to urge it seasonably. A party cognizant, in the earlier stages thereof, of an objection that might be fatal to the validity of proceedings before a tribunal otherwise competent, cannot be permitted to lie by and take the chances of a favorable result, and, after an adverse one has been reached, be allowed to avail himself of that objection to avoid its consequences. Does not this principle apply as well to the order of sale as to the decree of foreclosure? The suit does not end with the decree of sale. The proceedings still continue until final confirmation. Ror. Jud. Sales, §§ 18, 106, 115. The final decree was the confirmation of the sale by the court. From this decree the plaintiff herein had the right of appeal. It neglected to avail itself of this privilege. Is it not now estopped from bringing another action to accomplish the same purpose that it could have accomplished in the proceeding in the original suit if it had availed itself of its rights in the premises? Is there any such a thing known to the law as an end to litigation? Can a party stand mute and allow proceedings to be had in a case without making any objection or taking any exception thereto, and thereafter bring an independent action on the ground that the steps taken in the original suit were not in due compliance with the law? Having consented to the sale as made by the master, and having failed and neglected to make any objection to the confirmation of the sale, has not the defendant in the original suit (plaintiff herein) lost whatever rights it may have had in the premises?

The arguments of counsel in the present case, especially on behalf of the plaintiff herein, were more extensive and thorough than in the former case; but no new or independent questions have been presented, outside of the points discussed in the former opinion. It is true that numerous authorities have been cited to sustain the position that the act of congress of March 3, 1893 (27 Stat. 751), is mandatory; and it is earnestly contended that the terms of the statute, heretofore referred to, constitute the measure of the court's power; that it had no authority to order a sale made in any other manner than that provided for in the act of congress; and that all the proceedings relative to the sale and the confirmation thereof were absolutely null and void, because the court had no jurisdiction in the premises. The cases cited by plaintiff relate principally to

statutes giving to boards of county commissioners, inferior courts, and other public bodies the power to levy assessments for the paving of streets and the making of improvements, etc., in which the public interests are concerned, and providing the manner in which the proceedings shall be conducted. In all such cases the courts have very properly held that the manner in which such improvements are to be made, by the terms of the statute, must be strictly followed, and that a material departure therefrom would render all the proceedings null and void. The cases cited are as follows: (1) As to statutes with reference to grading and improving of streets. Hurford v. City of Omaha, 4 Neb. 336, 351; In re Douglass, 58 Barb. 174, 176. (2) As to statutes providing how lands may be sold for the payment of delinquent taxes. French v. Edwards, 13 Wall. 506, 512, 20 L. Ed. 702; Lyon v. Alley, 130 U. S. 177, 184, 9 Sup. Ct. 480, 32 L. Ed. 899. (3) The alienation of a homestead, signed by the husband alone, contrary to the terms of the statute. Gleason v. Spray, 81 Cal. 217, 220, 22 Pac. 551. (4) Enrollment of men for military duty who are not "able-bodied." Warner v. Stockwell, 9 Vt. 1, 17. (5) In actions for divorce the six-months residence provided for in the statute must be proved. Bennett v. Bennett, 28 Cal. 599, 601. (6) Sale of estrays in a different manner from that provided for by the statute. Trumpler v. Bemerly, 39 Cal. 490. In the various cases referred to, and relied upon by plaintiff, the parties did not have their day in court, and were entitled to raise the question of the validity of the acts of officers at any time. Here the plaintiff had its day in court and was bound to take notice of the proceedings, and make its objection thereto within the time provided for by law, or "forever after hold its peace." No one denies the proposition that statutes prescribing the mode by which a party may be devested of his property without his consent must be strictly pursued. But if a party who is regularly brought before a court having full jurisdiction in the premises in a pending suit, with knowledge of all the proceedings therein, without any fraud or undue inducements, consents to a sale of his property in a different mode from that provided for by the statute, can it be said that such a sale is absolutely null and void? If, without consenting by word of mouth or written stipulation, he stands by with his mouth closed, and allows the sale to proceed, having knowledge of all the facts, and thereafter declines to come into court on the day set for the confirmation to either protest, object, or except to the order of confirmation, and refuses to take an appeal from said order within the statutory period allowed therefor, can it be said that he was deprived of his property without "due process of law"? In the foreclosure suit, and under the proceedings had therein, the court acquired complete jurisdiction of the parties and of the subject-matter thereof. The court, having legally acquired jurisdiction, had the undoubted right to decide all questions which might properly arise therein; and its judgment, orders, and decrees, however erroneous they may have been, cannot be collaterally assailed. As was said by the court in Cornett v. Williams, 20 Wall. 226, 249, 22 L. Ed. 254:

"Jurisdiction is the power to hear and determine. To make the order of sale required the exercise of this power. It was the business and duty of the court to ascertain and decide whether the facts were such as called for that action. The question always arises in such proceedings, and must be determined, whether, upon the case as presented, affirmative or negative action is proper. The power to review and reverse the decision so made is clearly appellate in its character, and can be exercised only by an appellate tribunal in a proceeding had directly for that purpose. It cannot and ought not to be done by another court, in another case, where the subject is presented incidentally, and a reversal sought in such collateral proceeding. The settled rule of law is that, jurisdiction having attached in the original case, everything done within the power of that jurisdiction, when collaterally questioned, is to be held conclusive of the rights of the parties, unless impeached for fraud. Every intendment is made to support the proceeding. It is regarded as if it were regular in all things, and irreversible for error. In the absence of fraud, no question can be collaterally entertained as to anything lying within the jurisdictional sphere of the original case. Infinite confusion and mischiefs would ensue if the rule were otherwise. These remarks apply to the order of sale here in question."

See, also, Thompson v. Tolmie, 2 Pet. 157, 168, 169, 7 L. Ed. 381; Voorhees v. Jackson, 10 Pet. 449, 474, 9 L. Ed. 490; Manson v. Duncanson, 166 U. S. 533, 547, 17 Sup. Ct. 647, 41 L. Ed. 1105; Lancaster v. Wilson, 27 Grat. 624, 629, 630; Black, Judgm. § 245, and authorities there cited.

The only limitations or exceptions to this general rule are stated in Windsor v. McVeigh, 93 U. S. 274, 282, 23 L. Ed. 914, cited and relied upon by defendant; but the exceptions there referred to clearly indicate the distinctions which exist between the class of cases therein mentioned and the one under consideration. In that case the court said:

"Though the court may possess jurisdiction of a cause, of the subject-matter, and of the parties, it is still limited in its mode of procedure, and in the extent and character of its judgments. It must act judicially in all things, and cannot then transcend the power conferred by the law. If, for instance, the action be upon a money demand, the court, notwithstanding its complete jurisdiction over the subject and parties, has no power to pass judgment of imprisonment in the penitentiary upon the defendant. If the action be for a libel or personal tort, the court cannot order in the case a specific performance of a contract. If the action be for the possession of real property, the court is powerless to admit in the case the probate of a will."

A man on trial under an indictment for an assault with intent to commit great bodily injury could not, upon conviction for that offense, be sentenced to be hanged for the crime of murder. In a suit between a man and his wife concerning only their respective rights to real estate, the court would have no jurisdiction to grant a divorce to either party. These are not instances of mere misapplication of law to particular facts, or erroneous interpretation of rules in particular cases, but they are attempts to exercise an authority which has no existence in the particular case under any possible state of proofs. Maloney v. Dewey, 127 Ill. 395, 402, 19 N. E. 848. Here the court had jurisdiction to decree a sale of the property. It signed the decree as drawn by counsel, and in so doing committed an error as to the time and manner of making the sale, which could and would have been corrected if proper steps had been taken. The plaintiff herein having failed to make any objections to the decree

after due and timely notice thereof, and having failed to appear and object to the confirmation of the sale, although having been duly notified of the time set for the confirmation, it has waived and lost whatever rights it may have had in the premises, and is estopped from maintaining the present action.

I adhere to the views expressed in the former opinion, denying the motions made by this plaintiff to set aside the sale. 103 Fed. 391. In addition to the authorities there cited, see Rosenheim v. Hartsock, 90 Mo. 357, 365, 2 S. W. 473; Lancaster v. Wilson, 27 Grat. 624, 630; Hickson v. Rucker, 77 Va. 135, 138; Terry v. Coles' Ex'r, 80 Va. 695, 701, et seq.; Wyant v. Tuthill, 17 Neb. 495, 497, 23 N. W. 342; Gibson v. Lyon, 115 U. S. 439, 451, 6 Sup. Ct. 129, 29 L. Ed. 440; Ror. Jud. Sales, § 171. Judgment will be entered herein in favor of the defendant for its costs.