### GODCHAUX et al. v. MORRIS et al.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1903.)

#### No. 1,189.

1. JUDICIAL SALE—PROPERTY OF CORPORATION—NECESSARY PARTIES TO RULE FOR CONFIRMATION.

Neither stockholders nor general creditors of a corporation, without liens, are necessary parties to a suit to enforce liens on its property; nor need they be served with a rule for confirmation of a sale of such property.

2. SAME—VALIDITY—IRREGULARITY

The failure of a commissioner appointed to make a sale of property under a decree of court, through inadvertence, to offer separately one parcel of land, of small value, as required by the terms of the decree, before offering all as a totality, is a mere irregularity, which will not defeat confirmation where no loss or injury resulted.

3. SAME—FEDERAL COURTS—PLACE OF SALE.

Where a federal court had jurisdiction to order a sale of real estate, the fact that its decree directed that the sale be made at a place other than "the courthouse of the county, parish or city, in which the property, or the greater part thereof, is located, or upon the premises," as required by Act March 3, 1893 (27 Stat. 751 [U. S. Comp. St. 1901, p. 710]), does not render the sale void, nor is it a ground for refusing confirmation, since the decree, although erroneous, is binding unless reversed on appeal.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Emile Godchaux, Alexis Brian, and R. E. Milling, for appellants. James Legendre and Guy M. Hornor, for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. The decree from which this appeal is taken is as follows:

"Alfred H. Morris v̇. Caffery Central Sugar Refinery & R. R. Co., Ltd. In Equity. (No. 12,992.)

"This cause came on to be further heard at this term on the oppositions of Charles Godchaux, agent, Moses Alexander, and Mrs. F. E. Marks, to the confirmation of the sale of the real estate of defendant reported to the court by A. G. Brice, Esquire, special commissioner, and upon the report of William Grant, Esquire, special master, upon said oppositions, and the objections to his report, and was argued by counsel. Whereupon, in consideration thereof, it is now ordered, adjudged, and decreed as follows:

"First. That all the objections to the report of said special master be overruled, and that his report be in all respects confirmed; the court being fully satisfied with the correctness of the special master's conclusion, both of law and of fact.

"Second. It is further ordered that the opposition of Charles Godchaux, agent, of Moses Alexander, and of Mrs. F. E. Marks, filed to the rule for the confirmation of the sale made by the said A. G. Brice, special commissioner, be overruled, and that the sale of the property of the defendant corporation to Charles Godchaux, agent, made on the 29th day of March, 1902, for the price and sum of one hundred and fifty thousand dollars, as reported to the court by said special commissioner, be now in all respects approved.

"Third. It is further ordered that upon the tender by the special commissioner to him of a deed executed before notary public of the city of New Orleans, in which the notes and bonds secured by mortgage on the said property shall be surrendered and canceled, the purchaser shall forthwith pay into the hands of the special commissioner the sum of $150,000, the purchase price at which the property was adjudicated to him, less the sum of $15,000, already deposited on account thereof with said special commissioner.

"Fourth. It is further ordered that all the costs incurred on the oppositions to said sale, including a fee of $500 to Wm. Grant, the special master, as an allowance for his services herein, to be taxed as part of the costs, be paid by the said opponents, Charles Godchaux, Moses Alexander, and Mrs. F. E. Marks, for which they are condemned jointly and severally."

The report of the special master, referred to in the foregoing decree, is substantially as follows:

"First. It appears from the record that a decree was entered upon the bill and answer in this case on the 18th day of February, 1902, ordering sale of the plantations of the defendant to be made by the commissioner at the front door of the customhouse in the city of New Orleans, for cash, upon thirty days' notice. By the terms of the decree the commissioner was directed to offer the properties for sale in lots as follows: First, the Caffery Central Refinery, with the three lots of ground connected therewith; second, the Stirling plantation; third, the Peebles plantation; fourth, the tract of land fourthly described in the decree. It is further ordered that, after the properties were so offered, they should be offered as one parcel, and, if the bid for them as a totality should exceed the aggregate of the bids for the several lots, then the bid for the properties as a whole should be accepted. It appears from the commissioner's report that he first offered the first three properties separately, but that, through an oversight, he omitted to offer the several parcel of land fourthly described. He then offered all the properties as one parcel, and struck them off to Charles Godchaux, agent, upon his bid of $150,000, which was in excess of the aggregate amount bid for the properties separately. All these facts were reported to the court by the commissioner on the 11th day of April, 1902.

"On a rule taken by the complainant against the purchaser, Charles Godchaux, agent, to show cause why the sale should not be approved, objections were filed by the purchaser, by Moses Alexander, a creditor who has a privilege on the proceeds of cane sold to the defendant, and by Mrs. F. E. Marks, a stockholder in the defendant corporation. These objections may be stated and summarized as follows: (a) That all the stockholders and cred-

itors of the defendant corporation who have an interest in the sale were not made parties to the rule. (b) That sufficient time has not been allowed the parties in interest to file objections to the sale. (c) That the commissioner did not offer each of the four properties separately, nor afterwards offer them as one parcel, as required by the decree of sale. (d) That said sale was not made in the parish of St. Mary, where the greater portion of the lands are situated, as required by the act of Congress approved March 3, 1893 (27 Stat. 751 [U. S. Comp. St. 1901, p. 710]). (e) That said property, owing to the present temporary financial depression, brought a grossly inadequate price, and that if reoffered it will bring its real value.

"I shall consider these objections separately, in the order here stated:

"(a) The objection that all parties in interest, including stockholders, mortgage and ordinary creditors of the defendant corporation, have not been served with a copy of the rule to confirm the sale, it seems to me, is without merit. It appears from the indorsements on the original rule filed April 21, 1902, that all the parties to the record, except Moses Alexander, a creditor for the price of cane sold to the refinery, have accepted service of the rule, and consented to the confirmation of the sale. I do not think that the stockholders are entitled to notice of the rule, as none of them, except Mrs. Marks, who was permitted to file objection, have come into the case. They are represented by and through the corporation in all matters in litigation, and are not, as a general rule, permitted to appear in a suit and make a defense for the corporation in which they are shareholders, except where it is alleged that the corporation is fraudulently neglecting to defend its interest, etc. Hawes v. Oakland, 104 U. S. 450, 26 L. Ed. 827. Nor do I think that general creditors who have not come into the cause, and whose rights are not directly affected, are entitled to notice of the rule, or to be made parties to the cause. The general charge is made in the oppositions that all the parties in interest have not been served with the rule; but the supposed parties are not named, as they ought to be, under the rules of practice, to give the plaintiff a better writ. It appears from the evidence, however, that there are several suits pending against the defendant corporation in the district court of St. Mary Parish, a list of which is given in the transcript of evidence, and substantiated by copies of the records of the cases filed herewith. Judgments have been recovered against the Caffery Company in these cases, but they have not been signed, owing to the pendency of rules for a new trial, nor have they been registered in the mortgage office as liens on the lands sold by the commissioner, nor can they become operative liens if signed and registered in the future, pending the rule to confirm the sale, for it is an elementary rule that liens cannot be acquired on property in custody of the law to the prejudice of the lis pendens. My conclusion on this point is that neither stockholders nor general creditors without liens are necessary parties to a suit of this character in the first instance, under the rule that no one need be a complainant in whom there exists no interest, and none a defendant against whom nothing is demanded. Kerr v. Watts, 6 Wheat. 550, 5 L. Ed. 328. While the general rule is that all parties in interest must be made parties, it should be restricted to parties whose interests are directly in issue. Mechanics' Bank v. Seaton, 1 Pet. 299, 7 L. Ed. 152; Story v. Livingston, 13 Pet. 359, 10 L. Ed. 200. If all the unsecured creditors of a corporation in cases of this character, and its stockholders, are to be considered necessary parties, the court could never proceed to decree at all, for there will always be some who are unknown and neglect to come in. It follows that, if it is not necessary to make general unsecured creditors and stockholders parties in the first instance, they need not until they come in be made parties to a rule to confirm a sale.

"(b) The complaint that the rule to confirm the sale is premature, and does not allow sufficient time to file objections, is equally untenable. Equity rule 83, which gives parties 30 days in which to file objection to a master's report after it is filed in the clerk's office, does not apply to reports of sales made under a decree of court. Pewabic Mining Co. v. Mason, 145 U. S. 349, 12 Sup. Ct. 887, 36 L. Ed. 732.

"(c) The objection that the commissioner did not first offer the four parcels of property separately, and that he did not afterwards offer them all as an

entirety, is only partially sustained by the proofs. The commissioner admits in his report that he did omit to offer the fourth parcel separately, but also reports that he secondly offered them all as a totality, as directed by the decree. The failure of the commissioner to offer one of the parcels separately, which was worth only about $75, is, at most, merely an irregularity, which the court, in its undoubted discretion, may overlook, as it has injured no one, and did not affect the bidding. 2 Freeman on Executions, § 286. It forms no just ground for refusing to approve the sale. Moreover, the purchaser does not allege or show that he was ignorant of the irregularity complained of, or that he has been injured thereby, and it therefore may be assumed that he intended to waive it. While the stockholder and the general creditor who oppose the confirmation of the sale may have had no knowledge of the irregularity, they do not allege or show that the bidding was affected by it, or that they have been injured or prejudiced thereby. My opinion, therefore, is that, even if a stockholder or general creditor has any right at all to oppose a sale in cases of this character, the present opponents have not made a case by their averments or proofs which entitles them to relief in a court of equity.

"(d) The objection that the sale was not made at the courthouse in the parish where the principal part of the property is situated, as directed by the act of Congress approved March 3, 1893 (27 Stat. 751 [U. S. Comp. St. 1901, p. 710]), is a substantial one, and requires serious consideration. Section 1 of that act is as follows: 'That all real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale at the courthouse of the country [county], parish or city in which the property, or the greater part thereof, is located, or upon the premises, as the court rendering such order or decree may direct.' The third section directs that the notice of sale shall be published for at least four consecutive weeks in a newspaper published in the county and state where the property is located. But the act does not declare that a failure to comply with these directions shall render the sale null, nor is any penalty denounced for their violation. In this case the decree, by consent of the defendant, directed the sale to be made and the notice to be published in the city of New Orleans, both of which requirements were complied with by the commissioner; and the question, therefore, is whether the sale is void because the court did not require it to be made as directed by the strict letter of the statute. A clear distinction must be drawn between an error made by a court having jurisdiction of the cause of action in which the decree is entered, and the error of a ministerial officer, whose duties were prescribed by law, such as a sheriff, in the execution of a writ of fieri facias, or other similar process. The decree is valid until reversed for error, whereas the error of a merely ministerial officer renders his act void ab initio. Says the Supreme Court in Grignon v. Astor, 2 How. 319, 11 L. Ed. 283: 'A purchaser is not bound to look beyond the decree. If there is error in it of the most palpable kind—if the court which rendered it have, in the exercise of jurisdiction, disregarded, misconstrued, or disobeyed the plain provisions of the law which gave them the power to hear and determine the cause before them—the title of the purchaser is as much protected as if the adjudication would stand the test of a writ of error. * * * These principles are settled as to all courts of record which had an original jurisdiction over any particular subject matter.' Says Chief Justice Marshall in Ex parte Tobias Watkins, 3 Pet. 193, 206, 7 L. Ed. 650: 'It is universally understood that the judgments of the courts of the United States, although their jurisdiction be not shown by the pleadings, are yet binding on all the world, and that this apparent want of jurisdiction can avail the party only on writ of error.' Again: 'If an erroneous judgment binds the property on which it acts, it will not bind the property the less, because the error is apparent. Of that error, advantage can be taken only in a court which is capable of correcting it.' This doctrine has been affirmed in the following cases, and in many others not necessary to cite: Thaw v. Ritchie, 136 U. S. 519, 10 Sup. Ct. 1037, 34 L. Ed. 531; Simmons v. Saul, 138 U. S. 439, 11 Sup. Ct. 369, 34 L. Ed. 1054. I do not understand that it makes any difference whether the error of the court consists of a departure from a mandatory or a directory statute. In either case it is neither more nor less than an error which can only be corrected by an appellate court. I considered, however,

that the statute is directory merely. This is the opinion of Judge Hawley, as expressed in his decision in the case of Nevada Nickel Syndicate v. National Nickel Company (C. C.) 103 Fed. 391. Commenting on the act, this learned judge says the provisions of the act of Congress in question are intended for the benefit and protection of the judgment debtor, which he may insist upon or waive as he sees fit. The case of Wilson v. Insurance Co., 12 C. C. A. 505, 65 Fed. 38, cited as an authority to the contrary, does not, in my opinion, have any application to the question here involved. In that case it appears that the master, in carrying out the decree of the court, which decree seems to have been correct, failed to publish the notice of sale for four consecutive weeks, as required by the statute, and it was for this reason that the confirmation of sale was refused. Here the master followed the decree of the court which prescribed the terms of sale, both as to the publication of notice, and the place where the property was to be offered. The errors of the court which renders the decree of sale, as I have shown, can only be corrected by a court of review, but the errors of the officer in making a sale renders his acts void. It is a settled rule that where a master, on reference, has followed the order of the decree, and followed its directions, no objection can be taken on appeal to what he has done, when the appeal arises on exceptions to his report, and not on objections to the original decree under which the reference to him was made. 'It is only where the master or the judge, in acting on his report, has departed from the order of the judgment, or has omitted to enforce its provisions, that a just objection can arise.' New Orleans v. Gaines, 15 Wall. 624, 21 L. Ed. 215. It follows that, if the court should now refuse to affirm the sale made by the commissioner pursuant to the decree of sale, its action would be erroneous, for the original decree, no matter what its errors are, must be followed until set aside in the manner provided by law. But whatever errors there may be in the decree, or in the manner in which the commissioner has acted under it, they have been released and waived by the resolution of the Caffery Company ratifying the sale, dated April 16, and filed in this cause April 24, 1902.

"(e) A large amount of evidence has been taken before me on the objection that the property was sold for less than its true value; but I find that this objection has not been sustained. The contention seems to be that the fact that the property was sold in New Orleans, instead of in the parish of St. Mary, ought to be considered as persuasive, if not conclusive, proof that the property sold for less than it would have brought if it had been offered in the parish of St. Mary, as directed by the act of Congress. The evidence has been directed, in the main, to show the actual value of the property, and whether it would have been advantageous to offer in the parish of St. Mary instead of in the city of New Orleans, rather than to show that the bidding was affected by the fact that the directions of the acts of Congress were not followed."

The special master embodies in his report a clear and full summary of the testimony of the various witnesses, and of the substance of the written instruments of evidence admitted by him on the hearing. From all of which he concludes that the properties sold by the commissioner brought a fair price, and that they would not have brought more if they had been offered for sale in the parish of St. Mary; that it is shown by the proper evidence which he files that the taxes due on the property have all been paid; and that, for the protection of all the parties in interest, the defendant corporation, the Caffery Company, has, under an order of court, conveyed the legal title to the properties sold to A. G. Brice, the receiver, who now holds the same subject to the orders of the court. He further shows that all the notes and bonds secured by the mortgage on the property have been delivered to A. G. Brice, the receiver, with authority to cancel the same upon the approval of the sale; that this will give the purchaser a clear title. In conclusion, the master reports that he finds no reason in law

or in fact why the sale of the property to Charles Godchaux, agent, should not be approved, and he so recommends.

The evidence summarized in the master's report, and fully embodied in the transcript of the record, amply sustains the master's finding of fact. His finding of law is likewise fully supported by the sound reasoning of the report, and by the persuasive and controlling precedents which he cites in support of his reasoning. We, therefore, being fully satisfied with the correctness of his conclusions, both of law and fact, concur in the action of the Circuit Court, adjudging and decreeing that all the objections to the report of the special master be overruled, and that his report be in all respects confirmed. The other portions of the decree appealed from follow, as a matter of course, or as the result of a reasonable and righteous discretion. .

The decree appealed from is in all respects confirmed.