### WALKER et al. v. STUART.

(District Court, D. Maryland. October 28, 1919.)

MORTGAGES ⬅356—LENGTH OF PUBLICATION OF NOTICE OF FORECLOSURE SALE.
Under Act March 3, 1893, § 3 (Comp. St. § 1642), requiring notice of sale of real estate under decree by publication "once a week for at least four weeks prior to such sale," the first publication must be at least four weeks prior to date of sale.

In Equity. Suit by William Walker and others against Thomas Keating Stuart, trustee. On exceptions to confirmation of sale of real estate. Exceptions sustained.

Walter H. Buck, of Baltimore, Md., for trustee.

Robert N. Baer, of Baltimore, Md., for exceptant Davis Coal & Coke Co.

Haman, Cook, Chesnut & Markell, of Baltimore, Md., for exceptant Frey.

Frederick J. Singley, of Baltimore, Md., for exceptant McCulloh.

ROSE, District Judge. Land was ordered sold by a decree, the language of which was substantially that of Act March 3, 1893, c. 225, 27 Stat. 751 (Comp. St. §§ 1640–1642). On the 14th of last June, the trustee, after giving the notice which he understood to be required, at the courthouse door in Garrett county, in which the land lay, sold it for $40,200, to the Davis Coal & Coke Company.

The purchaser excepts to the ratification of the sale, on the ground that, although it was advertised in 4 successive weekly issues of the proper newspapers, namely, in those of May 22d, May 29th, June 5th, and June 12th, the first publication was only 23 days before the day of sale, and was therefore not a compliance with the statute, as the latter was construed in Wilson v. Northwestern Mutual Life Ins. Co., 65 Fed. 38, 12 C. C. A. 505.

The trustee replies that notice was given in each of 4 successive weeks. He cites many state cases construing similarly worded enactments, showing that he did all the act required. If it had not been possible so to understand the statute, the very competent and careful trustee would have seen to it that the first advertisement was made at least 29 days before the sale. Nevertheless, Wilson v. Northwestern Mutual Life Ins. Co. was decided 18 months after the act was passed. Its authority has remained unassailed for a quarter of a century, and may not now be questioned.

In that case, however, the exception to the confirmation was taken by one of the persons entitled to share in the proceeds of sale, and the trustee points out that in Lansburgh v. McCormick, 224 Fed. 874, 140

---

C. C. A. 296, the Circuit Court of Appeals for this circuit held that a purchaser took good title, although the land was not sold on the premises, or at the courthouse door, as the statute requires; none of the parties concerned in obtaining the highest price for the land having made any objection to the sale. Cumberland Lumber Co. v. Tunis Lumber Co., 171 Fed. 355, 96 C. C. A. 244, was distinguished.

The land now involved was sold under a deed of trust for the benefit of creditors. That deed, made back in 1884, directed payment to certain creditors in the order specified, and then provided that any surplus should be distributed among all the others. Many years ago one of the latter class, whose claim antedates the making of the deed, intervened in this cause. She now excepts to the ratification of the sale. She is entitled to complain that the land was insufficiently advertised. Wilson v. Northwestern Mutual Life Ins. Co. is directly in point.

The exceptions must be sustained.