ALBERT FREDERICK THYBOE and ANA OLGA THYBOE, Plaintiffs and Appellants, v. SAN JUAN FRUIT COMPANY and FREDERICK R. CLARK, Defendants and Appellees.

No. 4018. Argued June 3, 1927.—Decided June 8, 1927.

*R. Cuevas Zequeira* and *Enrique Rincón* for the appellants. *E. B. Wilcox, O. B. Frazer* and *R. Castro Fernández* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Albert Frederick Thyboe and his wife brought an action against the San Juan Fruit Company and Frederick R. Clark and alleged that they were the owners of two parcels of rural property which they described; that in 1917 they created a mortgage on the two properties in favor of The L. G. Weidner Monumento Company to secure the sum of $3,700; that The L. G. Weidner Monumento Company assigned its credit to the San Juan Fruit Company which on

June 30, 1922, instituted mortgage foreclosure proceedings to collect the credit, finally succeeding, on December 1, 1922, in having the properties sold to it in payment of the debt; that the San Juan Fruit Company, after the foreclosure sale had been recorded in the registry of property, sold the said properties to defendant Clark, and that both the sale to the San Juan Fruit Company and the sale by that company to Clark were void, because:

"(a) The only public notice of the judicial sale of the properties was the publication thereof in the newspaper 'El Imparcial' of San Juan, in the issues of November 10, 17, and 29, 1922, that is to say, during the 1st, 2nd, 3rd and 5th weeks of that month, the 29th of December, 1922, being a Wednesday, all of which appeared or should have appeared from deed No. 87 of December 19, 1922, executed before notary José Hernández Usera, and the defendant Clark must have had notice thereof when he bought the property.

"(b) Notwithstanding that the writ of execution directed the marshal of this court to proceed in compliance with the Act of March 9, 1905, relating to judgments and the manner of satisfying them, he did not previously attach the properties under execution, nor did he go in person to the properties or attach them after due notice, or in default thereof issue a copy to the registrar of property of the district for the record thereof, and the failure to comply with such mandatory legal precept had been fully noted as a defect in the registry of property of this district where the properties are recorded."

The defendants the San Juan Fruit Company and Clark appeared by their respective attorneys and both demurred to the complaint for lack of sufficient facts to constitute a cause of action. The demurrers were argued and sustained and at the request of the plaintiffs the court rendered judgment dismissing the complaint. The plaintiffs then took the present appeal and assigned in their brief three errors.

The appellants alleged first that the court erred in failing to declare void the sale, because the properties under execution had not been attached previously.

Admitting as true that the marshal "did not attach

previously the properties subject to execution, nor go in person to the properties and attach them after due notice, nor issue a copy to the registrar of property of the district for the record thereof,'' must it be concluded that the sale of the properties in question is void? Let us see.

In the case of *Menéndez* v. *Cobb*, 28 P.R.R. 725, 731, this court, by Mr. Justice Aldrey, said:

"The other defect which the appellant alleges was known to Cobb from the registry is that the property was not levied on before it was sold, which he considers indispensable in order that the forced sale could be made.

"Section 5 of the Act of March 9, 1905, relating to judgments and the manner of satisfying them, cited by the appellant as the only ground of his contention, does not justify his allegation, for it does not exact that a property be levied on as a condition precedent to its sale in satisfaction of a judgment, but only establishes the manner in which levies shall be made. The recording of a levy in the registry of property is not a legal obligation, but a right given by law to creditors as a protection against third persons.''

The appellants insist that the facts of this case are different from those in *Menéndez* v. *Cobb, supra,* citing moreover section 1 of the Act of March 9, 1905, relating to judgments and the manner of satisfying them. The facts are not really the same, especially as regards the defendant San Juan Fruit Company, but the jurisprudence therein established is perfectly applicable. The language of the court was plain. A previous levy is not absolutely necessary in a case like the present. By virtue of the mortgage the property was already especially bound for the payment of the debt; it was in fact levied on, and the creditor did not have to levy an attachment to secure the preference of his credit over any other that might come up. Moreover, if demand for payment was made on the debtor at the inception of the proceedings under the provisions of the Mortgage Law he was served with notice and consequently advised of the sale of his property if he did not otherwise settle his obligation.

It seems proper to cite the case of *Trueba* v. *Martínez,*
33 P.R.R. 446, 456, where this court, by Mr. Justice Franco
Soto, said:

"The very nature of the real action set up in the ordinary pro-
ceedings for the foreclosure of the mortgage destroys any impor-
tance of the question raised by the appellants that it was necessary
to attach the mortgaged property in order to give the trial court
jurisdiction over the defendants in that action."

In the second assignment of error it is alleged that the
nullity sought should have been decreed for failure to comply
with the provisions of the statute on the publication of the
notices, that is to say, because between the publication of
the first and the last notices the time established by law
had not elapsed.

The law applicable to the case is section 251 of the Code
of Civil Procedure and it provides that the sale shall be
published by posting a notice thereof for twenty days in
three public places, "or publishing a copy thereof once a
week for the same period, in some newspaper published in
the district, if there be one."

Therefore, what is important is that between the first
publication and the sale twenty days must have elapsed and
in the present case more than twenty days elapsed between
the 10th of November when the first advertisement was
published and the 1st of December when the public sale took
place. This doctrine has been upheld by American decisions.
It will be sufficient to cite those of *Wilson* v. *Northwestern
Mutual Life Insurance Company,* 65 Fed. 38, and *Leffler* v.
*Armstrong,* 68 Am. Dec. 672. In the latter's syllabi it is
said:

"Notice of sale of property under trust deed or mortgage with
power of sale, after 'first giving notice of the time, place, etc., of
the sale by advertisement in some newspaper printed in Burlington,'
is sufficient if only a weekly paper is issued in Burlington, and the
notice is published in such paper once a week for five successive
weeks, and thirty days elapse between the first publication and the

day of sale, notwithstanding that less than thirty days intervene between the first and last publications.''

From the foregoing we might omit consideration of the last assignment of error referring to the application of the jurisprudence established in the case of *Henna* v. *Saurí*, 22 P.R.R. 776. There this court, by Mr. Justice Aldrey, said:

"The failure to publish the notices for the entire time required by the law does not necessarily annul the sale inasmuch as this requirement may be waived by the debtor, and in order that a junior creditor may obtain a decree of nullity on that ground it is a general principle of law that he must show that he has been gravely injured. This principle is laid down in 27 Cyc., 1710.''

The case now before us is different from that of *Henna* v. *Saurí, supra.* In the *Henna* case there elapsed less than the time prescribed by law between the publication of the first notice and the public sale. Here the whole time elapsed. It was not necessary, therefore, to appeal to the established jurisprudence in order to dismiss the complaint. The district court did so only to strengthen its conclusion in case it was decided that some error had been committed.

The judgment appealed from must be affirmed.